**22SL-CC02451**

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

MISSOURI-AMERICAN WATER COMPANY )
                                         )
     Plaintiff,                            )
                                         )
v.                                         )
                                         )
CITY OF SUNSET HILLS, MISSOURI, )
a political subdivision of the State of Missouri, )
                                         )
    **Serve:**  Brittany Gillett, City Clerk   )
             City of Sunset Hills          )
             3939 S. Lindbergh Blvd.    )
             Sunset Hills, MO 63127     )
                                         )
and                                       )
                                       )
CITY OF SUNSET HILLS BOARD OF )
ALDERMEN                              )
                                       )
    **Serve:**  Brittany Gillett, City Clerk   )
             City of Sunset Hills          )
             3939 S. Lindbergh Blvd.    )
             Sunset Hills, MO 63127     )
                                         )
and                                       )
                                       )
BRYSON E. BAKER, P.E., in his official capacity )
as Director of Public Works for the City of Sunset )
Hills, Missouri                          )
    **Serve:**  Bryson E. Baker, P.E.     )
             Dir. of Public Works       )
             City of Sunset Hills          )
             3939 S. Lindbergh Blvd.    )
             Sunset Hills, MO 63127     )
                                         )
     Defendants.                       )

Cause No.:

Div.:

## PETITION FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, REVIEW, AND DAMAGES

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Plaintiff, Missouri-American Water Company, for its Petition for Declaratory Judgment, Injunctive Relief, Review, and Damages against Defendants, City of Sunset Hills, Missouri, the City of Sunset Hills Board of Aldermen, and Bryson E. Baker, P.E., in his official capacity as the Director of Public Works for the City of Sunset Hills, states as follows:

## BACKGROUND FACTS

### Parties

1.      Plaintiff, Missouri-American Water Company (hereinafter "Missouri American" or "Plaintiff"), is a Missouri corporation duly organized and existing pursuant to the laws of the State of Missouri, with its principal place of business in St. Louis County, Missouri.

2.      Defendant City of Sunset Hills, Missouri (hereinafter "the City"), is, and at all times relevant herein was, a fourth-class city within the State of Missouri, duly organized, established, and existing by virtue of the laws of the State of Missouri.

3.      Defendant, the Board of Aldermen of the City of Sunset Hills, is a public governmental body and legislative body of the City currently comprised of Aldermen Joe Stewart, Ann McMunn, Christine Lieber, Casey Wong, Randal Peerson, Cathy Friedmann, Thompson Price, and Fred Daues (hereinafter referred to as the "Board of Aldermen").

4.      Defendant Bryson E. Baker, P.E. is an individual and is being sued only in his official capacity as the Director of Public Works for the City.

5.      Plaintiff's claims asserted herein concern actions taken by the City with respect to Plaintiff's efforts to provide better and more reliable water service to the City and the surrounding area by replacing a water storage tank constructed in 1935 with a new elevated water storage tank on property commonly known as 11832 Sappington Barracks Road located within the City of Sunset Hills in St. Louis County; therefore, venue in this Court is proper.

2

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

6.      This Court has jurisdiction to adjudicate this matter pursuant to Article V, § 14 of the Missouri Constitution.

**Plaintiff's Status as a Public Utility**

7.      Section 386.020(43), RSMo. (2016),[1] defines a "public utility" to include "every pipeline corporation, gas corporation, electrical corporation, telecommunications company, ***water corporation***, heating company or refrigerating corporation, and sewer corporation, as these terms are defined in this section, and each thereof is hereby declared to be a public utility and to be subject to the jurisdiction, control and regulation of the commission and to the provisions of this chapter." (Emphasis added).

8.      Further, the term "water corporation" is defined as, "every corporation, company, association, joint stock company or association, partnership and person, their lessees, trustees, or receivers appointed by any court whatsoever, owning, operating, controlling or managing any plant or property, dam or water supply, canal, or power station, distributing or selling for distribution, or selling or supplying for gain any water." § 386.020(59), RSMo.

9.      Plaintiff owns, operates, controls, and manages the distribution and sale of water supply in various areas of the State, including within St. Louis County, and is therefore a public utility pursuant to § 386.020(43), RSMo.

10.     Plaintiff has been issued Certificates of Convenience and Necessity by the Missouri Public Service Commission to provide water within portions of St. Louis County, including the City of Sunset Hills and surrounding areas.

**The New Replacement Elevated Water Storage Tank Project**

---

[1] All further statutory references are to RSMo. (2016), unless otherwise indicated.

3

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

11.     Plaintiff is the owner of property commonly known as 11832 Sappington Barracks Road located in St. Louis County (the "Property").

12.     Plaintiff also owns a parcel of property located to the south of the Property, which is the location of an existing elevated water tank constructed in 1935 that provides 250,000 gallons of storage for the region (the "Existing Water Tank").

13.     An aerial photograph identifying the Property and location of the Existing Water Tank is attached hereto as **Exhibit 1**.

14.     Plaintiff determined that the approximately eighty-seven (87) year-old Existing Water Tank has come to the end of its useful life and is in need of replacement.

15.     In order to provide better and more reliable water service to the City and the surrounding area, and to stabilize water pressure during peak usage times to ensure the provision of sufficient water supply to support fire flow volumes to fire districts in the service area, Plaintiff has determined that 1.25 million gallons of potable water storage would be the most appropriate sized elevated tank to service the City and surrounding areas.

16.     Plaintiff determined that constructing an elevated water storage tank with a high water hydraulic grade line of 779.0' above mean sea level (the "New Replacement Storage Tank") on the Property is the best means of improving water pressure and reliability in the system, and is necessary to serve the needs of its customers.

### Plaintiff's Application for a Conditional Use Permit

17.     The City has created seventeen (17) zoning districts as set forth in Section 2.2 of Appendix B (Zoning Regulation) of the City of Sunset Hills Code of Ordinances (hereinafter referred to as the "City Code").

18.     The Property is located within the C-1 Commercial District.

4

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

19.     Public utility facilities, excluding telecommunication towers, are permitted as a conditional use within the City's C-1 Commercial District. *See* Section 4.9-3 of Appendix B of the City Code.

20.     On or about October 14, 2020, Plaintiff submitted an Application for a Conditional Use Permit designated by the City as P-14-20 (the "Application") seeking a conditional use permit to construct the New Replacement Storage Tank on the Property.

21.     A true and correct copy of the Application along with the materials submitted with the Application is attached hereto as **Exhibit 2.**

22.     The Application was scheduled for a hearing before the City's Planning and Zoning Commission to occur on November 4, 2020.

23.     The City's staff submitted a report to the Planning and Zoning Commission (the "P&Z Commission") recommending approval of the Application (the "Staff Report").

24.     A true and correct copy of the Staff Report is attached hereto as **Exhibit 3.**

25.     On November 4, 2020, the P&Z Commission held a public hearing on the Application.

26.     A true and accurate copy of the Minutes of the P&Z Commission is attached hereto as **Exhibit 4**.

27.     The P&Z Commission submitted its report unanimously recommending approval of the Application to the Board of Aldermen on the conditions that (1) the Existing Tower be demolished and vegetation established no longer than six months after the New Replacement Storage Tank is in service; (2) the existing parking lot be removed and vegetation established across the site; (3) the City's logo be placed on the side of the New Replacement Storage Tank; and (4) sidewalks be installed on the west side of the driveway. *See id.*

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

## Proceedings Before the Board of Aldermen Regarding the Application

28.     On December 8, 2020, the Board of Aldermen held a public hearing on Plaintiff's Application and read Bill No. 21 for the first time, which was the proposed Bill granting Plaintiff a Conditional Use Permit.

29.     A true and accurate copy of the Minutes from the December 8, 2020 hearing is attached as **Exhibit 5**.

30.     The Board of Aldermen considered the Application again during a regular meeting on January 12, 2021.

31.     After discussion, the Board of Aldermen voted against a motion to approve Bill No. 21 that would have granted Plaintiff's Application.

32.     During that discussion, the City Attorney cautioned the Board of Aldermen that Plaintiff is a public utility and that the ability of the City to impose its zoning regulations on Plaintiff is limited.

33.     A true and accurate copy of the Minutes from the January 12, 2021 meeting is attached as **Exhibit 6**.

34.     Subsequently, on January 26, 2021, the Board of Aldermen held a special meeting to further discuss the New Replacement Storage Tank.

35.     After additional discussion, Alderman Stewart made a motion to reconsider Bill No. 21. The Board of Aldermen passed the motion to reconsider by a vote of 5-3.

36.     The Board of Aldermen then voted to approve Bill No. 21 granting Plaintiff the Conditional Use Permit after the Mayor voted in favor of the motion, breaking a 4-4 tie.

37.     A true and accurate copy of the Minutes from the January 26, 2021 meeting is attached as **Exhibit 7**.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

38.     A certified copy of Bill No. 21, enacted by the City as Ordinance No. 2193 is attached hereto as **Exhibit 8**.

39.     Plaintiff then proceeded to work on finalizing the construction plans for the New Replacement Storage Tank.

### The City's Actions in June and July 2021

40.     In the meantime, on June 22, 2021, the Board of Aldermen held a special meeting.

41.     A true and correct copy of the Agenda for the June 22, 2021 meeting is attached hereto as **Exhibit 9**.

42.     The Agenda for the June 22, 2021 meeting did not include anything even suggesting that the Board of Aldermen intended to discuss Plaintiff's Application, the Conditional Use Permit, or the New Replacement Storage Tank. *See id.*

43.     However, during the General Discussion portion of the June 22, 2021 meeting, Alderman Friedman made a motion to preemptively direct City staff to deny any building permit applications that Plaintiff might submit related to the New Replacement Storage Tank.

44.     A true and correct copy of the Minutes from the June 22, 2021 meeting are attached as **Exhibit 10**.

45.     Specifically, Alderman Friedman made a motion to "direct staff to deny [Plaintiff's] anticipated permit at Sappington Barracks Road for failure to meet the setback requirements of Appendix B section 4.92C." *See* **Exhibit 10**, page 2.

46.     As of the June 22, 2021 meeting, Plaintiff had not yet submitted any application for a building permit to the City.

7

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

47.     During the meeting, the City Attorney informed the Board that the City did not have authority to regulate a public utility, and discouraged the Board from directing staff to deny a building permit submitted by Plaintiff. *See* **Exhibit 10**, page 2.

48.     After additional discussion, the Board voted in favor of Alderman Friedman's motion.

49.     Between January 26, 2021 and June 22, 2021, Plaintiff spent a considerable amount of time and resources organizing and attending multiple meetings with neighboring residents to seek input from them about the type of fencing, lighting, and landscaping they would like to see installed as part of the construction of the New Replacement Storage Tank, and to answer questions about the building process, why the New Replacement Storage Tank is necessary, and the construction timeline.

50.     Plaintiff also responded to numerous questions submitted by e-mail from residents and some members of the Board of Aldermen about the New Replacement Storage Tank.

51.     Plaintiff was also working with its third-party vendor to complete any necessary geotechnical testing of the site and to develop the construction plans.

### Plaintiff Submits Its Application for a Building Permit

52.     The City has an agreement with St. Louis County whereby the County reviews the technical aspects of an applicant's request for a building permit.

53.     Specifically, upon receipt of an application for a building permit, the City reviews the application for zoning conformance and issues a zoning approval letter to St. Louis County.

54.     The applicant is then required to submit the permit application to the County for review, and St. Louis County ultimately issues the building permit.

Electronically Filed - St. Louis County - May 03, 2022 - 04:49 PM

55.     On July 15, 2021, Plaintiff submitted its application for a building permit to the City.

56.     A true and accurate copy of the building permit application form submitted to the City is attached as **Exhibit 11** (the "Building Permit Application").

57.     On July 19, 2021, Plaintiff received notice that City staff would not be taking any action with respect to reviewing, granting, or denying Plaintiff's Building Permit Application, and that Plaintiff could come to City Hall to retrieve the Building Permit Application materials.

58.     Subsequently, on July 21, 2021, Plaintiff received notice that the Board of Aldermen planned to hold a special closed-session meeting on July 22, 2021 to discuss the New Replacement Storage Tank.

59.     Plaintiff, by and through its counsel, submitted the letter attached hereto as **Exhibit 12** to be shared with the Board of Aldermen in advance of that meeting.

60.     On or about July 26, 2021, following the special closed-session meeting, Plaintiff received a letter from the City Attorney stating the position of the Board of Aldermen had not changed its position.  A true and accurate copy of the letter is attached hereto as **Exhibit 13.**

61.     On or about July 28, 2021, Plaintiff retrieved its Building Permit Application and delivered same to St. Louis County Public Works Department to allow the County to complete its technical review of the Application under its contractual agreement with the City.

62.     On November 4, 2021, Plaintiff received notice from St. Louis County that it had completed its review of Plaintiff's Building Permit Application confirming that all of the County's comments/concerns about the project had been adequately addressed by Plaintiff during the review period, but that the County could not issue the building permit without receiving a zoning approval letter from the City.

9

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

63.     Counsel for Plaintiff and the City Attorney engaged in additional communications after November 4, 2021; however, as of the date of filing this Petition, the City has not changed its position and continues to refuse to consider Plaintiff's Building Permit Application and/or issue a zoning approval letter that would allow St. Louis County to issue the building permit.

64.     In addition, on or about January 27, 2022, Plaintiff received a letter from Defendant Baker notifying Plaintiff that the Conditional Use Permit previously issued to Plaintiff was terminated because Plaintiff had not commenced substantial construction or operation of the New Replacement Storage Tank within one year of the Conditional Use Permit being granted.  A true and accurate copy of the January 27, 2022 letter is attached as **Exhibit 14**.

### COUNT I
### Declaratory Judgment and Injunctive Relief Against All Defendants

Plaintiff, for its claim for a Declaratory Judgment and Injunctive Relief directed to Defendants, states:

65.     Plaintiff incorporates paragraphs 1 through 64 as though fully set forth herein.

66.     Section 527.010, RSMo. provides that the Court "shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

67.     A real and substantial controversy, ripe for judicial determination, now exists between Plaintiff and Defendants with respect to the City's authority to prevent Plaintiff from constructing the New Replacement Storage Tank premised on an allegation that the Tank does not comply with the City's setback requirements, by preemptively instructing its staff to deny and/or refuse to act on Plaintiff's Building Permit Application and not provide St. Louis County with a zoning approval letter so that the building permit for the New Replacement Storage Tank can be issued by the County.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

68.     The City is a fourth class city situated in St. Louis County.

69.     The power to regulate zoning granted to the City by the Zoning Enabling Act, §§ 89.010 to 89.140, RSMo., and specifically § 89.020, RSMo., is limited to "buildings, structures and land for trade, industry, residence or other purposes."

70.     Plaintiff is a public utility pursuant to § 386.020(43), RSMo., regulated by the Missouri Public Service Commission.

71.     Plaintiff has been issued Certificates of Convenience and Necessity by the Missouri Public Service Commission to provide water within a portion of St. Louis County, including the City and surrounding areas.

72.     The zoning authority granted to the City pursuant to § 89.020, RSMo. does not permit the City to apply its zoning restrictions, including height and setback requirements, to a public utility.

73.     Plaintiff is therefore exempt from the City's zoning requirements and restrictions applicable to the Property, including any setback requirements as set forth in Appendix B, Section 4.92C of the City Code. *See Union Electric Co. v. Crestwood*, 499 S.W.2d 480, 483-84 (Mo. 1973) ("*Crestwood I*") (holding city exceeded its authority in adopting ordinance requiring future construction of all electrical lines to be underground); *Union Electric Co. v. Crestwood*, 562 S.W.2d 344 (Mo. banc 1978) ("*Crestwood II*") (holding city lacked authority to enforce its zoning laws against electric utility).

74.     In the alternative, § 89.380, RSMo. sets forth the requirement that a public utility, whether publicly or privately owned, must submit its plans for review by the City's Planning and Zoning Commission before proceeding with construction and states in relevant part:

11

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Whenever the commission adopts the plan of the municipality or any part thereof, no street or other public facilities, or no public utility, whether publicly or privately owned, and, the location, extent and character thereof having been included in the recommendations and proposals of the plan or portions thereof, shall be constructed or authorized in the municipality until the location, extent and character thereof has been submitted to and approved by the planning commission.

75.     Plaintiff complied with § 89.380, RSMo. by submitting its plans for the New Replacement Storage Tank for review by the City's Planning and Zoning Commission, and the City's Planning and Zoning Commission voted to approve the project on November 4, 2020.

76.     The City's refusal to even consider Plaintiff's Building Permit Application and refusal to provide St. Louis County with a zoning compliance letter so that the County can issue Plaintiff a building permit for the New Replacement Storage Tank is invalid and unlawful in that the City is prohibited from exercising its zoning authority to interfere with Plaintiff's ability to provide water service to its customer.

77.     The City's refusal to provide a zoning compliance letter to St. Louis County to permit issuance of a building permit to Plaintiff on the grounds that the plans for the New Replacement Storage Tank does not meet the setback requirements of Appendix B, Section 4.92C of the City Code causes immediate and irreparable injury to Plaintiff in that it operates as a substantial impairment and delay with respect to Plaintiff's ability to proceed with construction of the elevated water storage tank on the Property.

78.     No adequate remedy at law exists to challenge the City Defendants' unlawful refusal to consider Plaintiff's Building Permit Application and issue a zoning compliance letter.

WHEREFORE, Plaintiff, Missouri-American Water Company, respectfully requests this Court enter its judgment: (1) declaring that Plaintiff is exempt from  the zoning requirements and restrictions set forth in Appendix B, Section 4.92C of the City Code, and that the City lacks

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

authority to enforce its zoning laws in a way that limits or prohibits Plaintiff's ability to use the Property to construct the New Replacement Storage Tank, (2) enjoining the City Defendants from taking action to prohibit Plaintiff's construction of the elevated water storage tank, (3) ordering that the City direct its staff to issue a zoning compliance letter to St. Louis County so that the building permit may be issued, (4) awarding Plaintiff its costs incurred herein, including reasonable attorney's fees, and (5) granting such other and further relief as is just and proper.

**COUNT II**
**Petition for Mandamus Against Defendant Baker**

Plaintiff, for its claim for Writ of Mandamus against Defendant Baker, states:

79.     Plaintiff restates and incorporates by reference paragraphs 1 through 78 as though fully set forth herein.

80.     A claim for mandamus "may lie where the refusal of a permit is based on a zoning ordinance which is inapplicable or which is invalid." *State ex rel. Magidson v. Henze*, 342 S.W.2d 261, 265 (Mo. App. St.L. 1961); *see also State ex rel. Great Lakes Pipe Line Co. v. Hendrickson*, 393 S.W.2d 481 (Mo. 1965) (holding mandamus was proper to compel the village clerk to issue a building permit to a pipeline company).

81.     On November 4, 2020, the City's Planning and Zoning Commission approved Plaintiff's plan to construction a New Replacement Storage Tank.

82.     On January 26, 2021, the City issued a Conditional Use Permit to Plaintiff to construct the New Replacement Storage Tank.

83.     On July 15, 2021, Plaintiff submitted its application for a building permit to the City.

13

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

84.    Defendant Baker and his staff are charged with reviewing an application for a building permit submitted to the City. *See* Section 7-19 of the City Code.

85.    Specifically, Section 7-19 of the City Code states:

It shall be the duty of the building official to examine every application for the building permit required by this division within seven (7) calendar days after the filing thereof. If, after examination, the building official finds the same to be in compliance with all state laws and city ordinances applicable thereto and that the proposed construction or work will be safe and adequate, he shall approve the application for processing and for the issuance of a permit. If the building official's examination reveals otherwise, he shall reject such application, noting his findings in a report to be attached to the application and delivering the same to the applicant.

86.    Defendant Baker and his staff's duty with respect to the issuance of a building permit is purely ministerial.

87.    Although the City had previously issued a Conditional Use Permit for the New Replacement Storage Tank, Defendant Baker and his staff refused to take any action with respect to reviewing, granting, or denying Plaintiff's Building Permit Application, and notified Plaintiff it could retrieve the Building Permit Application.

88.    Further, for all the reasons discussed in Count I, which are incorporated herein by reference, Plaintiff is exempt from the City's zoning requirements and restrictions applicable to the Property, including any setback requirements as set forth in Appendix B, Section 4.92C of the City Code, and otherwise complied with all applicable zoning-related laws permitting construction of the New Replacement Storage Tank.

89.    On July 28, 2021, Plaintiff retrieved its Building Permit Application and submitted same to St. Louis County for review.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

90.    St. Louis County has notified Plaintiff that it has completed its review and is in a position to grant the building permit to Plaintiff, but cannot do so because of the City's decision not to consider Plaintiff's application and issue a zoning compliance letter.

WHEREFORE, Plaintiff, Missouri-American Water Company, respectfully requests this Court enter judgment issuing a writ of mandamus directed to Defendant Baker requiring him to issue a zoning compliance letter to St. Louis County to allow for the County to issue the building permit to Plaintiff, and for such other and further relief as the Court deems just and proper.

## COUNT III
## Sunshine Law Violation Against the City and Board of Aldermen

Plaintiff, for its claim for violation of Missouri's Sunshine Law, § 610.020, RSMo., against the City and the Board of Aldermen (collectively, the "City Defendants") states:

91.    Plaintiff restates and incorporates by reference paragraphs 1 through 90 as though fully set forth herein.

92.    Section 610.020, RSMo., sets forth the notice requirements all public governmental bodies must follow before having a meeting, and states in relevant part:

1. All public governmental bodies shall give notice of the time, date, and place of each meeting, *and its tentative agenda, in a manner reasonably calculated to advise the public of the matters to be considered*, and if the meeting will be conducted by telephone or other electronic means, the notice of the meeting shall identify the mode by which the meeting will be conducted and the designated location where the public may observe and attend the meeting. If a public body plans to meet by internet chat, internet message board, or other computer link, it shall post a notice of the meeting on its website in addition to its principal office and shall notify the public how to access that meeting. Reasonable notice shall include making available copies of the notice to any representative of the news media who requests notice of meetings of a particular public governmental body concurrent with the notice being made available to the members of the particular governmental body and posting the notice on a bulletin board or other prominent place which is easily accessible to the public and clearly designated for that purpose at the principal office of the body holding the meeting, or if no such office exists, at the building in which the meeting is to be held.

15

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

2. Notice conforming with all of the requirements of subsection 1 of this section ***shall be given at least twenty-four hours***, exclusive of weekends and holidays when the facility is closed, prior to the commencement of any meeting of a governmental body unless for good cause such notice is impossible or impractical, in which case as much notice as is reasonably possible shall be given. Each meeting shall be held at a place reasonably accessible to the public and of sufficient size to accommodate the anticipated attendance by members of the public, and at a time reasonably convenient to the public, unless for good cause such a place or time is impossible or impractical. Every reasonable effort shall be made to grant special access to the meeting to handicapped or disabled individuals.

Sections 610.020.1 and .2, RSMo. (emphasis added).

93.     On June 22, 2021, the Board of Aldermen held a special meeting during which the New Replacement Storage Tank was discussed.

94.     The Agenda for the June 22, 2021 meeting did not include any reference to Plaintiff or the New Replacement Storage Tank. *See* **Exhibit 9**.

95.     The City Defendants violated § 610.020.1, RSMo. by holding a meeting to discuss the New Replacement Storage Tank without providing notice "in a manner reasonably calculated to advise the public," that the New Replacement Storage Tank would be up for discussion during the meeting.

96.     Plaintiff learned that the New Replacement Storage Tank might be discussed at the June 22, 2021 meeting only a few hours prior to the start of the meeting.

97.     Upon learning of that information, Plaintiff, by and through its counsel, notified the City Attorney prior to the meeting that any discussion or action related to the New Replacement Storage Tank would be improper and a violation of § 610.020.1, RSMo.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

98.    The topic of the New Replacement Storage Tank came up for the first time during the "General Discussion" period of the meeting when Alderman Friedmann made a motion to preemptively direct City staff to deny any building permit that might be submitted by Plaintiff.

99.    At that time, the City Attorney informed the Board of Aldermen about his conversation with Plaintiff's counsel and conveyed the message that consideration of Alderman Friedmann's motion and discussion of the New Replacement Storage Tank was in violation of the Sunshine Law.

100.    The Board of Aldermen, although being put on notice that further discussion of the New Replacement Storage Tank would be in violation the Sunshine Law, continued to discuss the New Replacement Storage Tank and ultimately voted to approve Alderman Friedmann's motion.

101.    By proceeding to discuss the New Replacement Storage Tank and voting on Alderman Friedmann's motion, after being put on notice that their actions were in violation of the applicable law, the Board of Aldermen purposely violated § 610.020.1, RSMo.

102.    In the alternative and at a minimum, by proceeding to discuss the New Replacement Storage Tank and voting on Alderman Friedmann's motion, after being put on notice that their actions were in violation of the applicable law, the Board of Aldermen knowingly violated § 610.020.1, RSMo.

103.    As a result of the City Defendants' violation of the Sunshine Law, the City Defendants should be subjected to a civil penalty as provided by § 610.027, RSMo., which authorizes a penalty up to five thousand dollars ($5,000.00) for a purposeful violation, or a penalty up to one thousand dollars ($1,000) for a knowing violation of §610.020.1, RSMo.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

104.    Further, pursuant to § 610.027.5, RSMo., upon a finding by a preponderance of the evidence that a public governmental body has violated any provision of the Sunshine Law, "a court shall void any action taken in violation of sections 610.010 to 610.026, if the courts finds under the facts of the particular case that the public interest in the enforcement of the policy of sections 610.010 to 610.026 outweighs the public interest in sustaining the validity of the action taken in the closed meeting, record, or vote."

105.    The Board of Aldermen's vote to pass Alderman Friedmann's motion to preemptively direct staff to deny any building permit application submitted by Plaintiff violated § 610.020.1, RSMo.

106.    The particular facts of this case warrant a finding that the public interest in enforcing the notice provisions of § 610.020.1, RSMo. outweighs any public interest in sustaining the validity of the Board of Aldermen's passage of Aldermen Friedmann's motion.

107.    Plaintiff is entitled to recover its attorneys' fees for bringing the claim asserted herein pursuant to § 610.027, RSMo.

WHEREFORE, Plaintiff, Missouri-American Water Company, respectfully requests this Court enter Judgment against the City and the Board of Aldermen for violations of § 610.020.1, RSMo., assess a civil penalty in an amount up to $5,000 against the City Defendants, declare that the vote on Alderman Friedmann's motion taken during the June 22, 2021 meeting is void, award Plaintiff its reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

Electronically Filed - St. Louis County - May 03, 2022 - 04:49 PM

## COUNT IV
### Violation of Due Process Under 42 U.S.C. § 1983 against the City and Board of Aldermen

Plaintiff, for its claim for violation of its substantive due process rights under 42 U.S.C. § 1983 against the City and the Board of Aldermen (collectively, the "City Defendants") states:

108.   Plaintiff restates and incorporates by reference paragraphs 1 through 107 as though fully set forth herein.

109.   The Board of Aldermen were at all relevant times to this action acting under color of state law.

110.   On January 26, 2021, the Board of Aldermen voted to issue a Conditional Use Permit to Plaintiff to construct the New Replacement Storage Tank.

111.   On June 22, 2021, the Board of Aldermen held a special meeting in violation of Missouri's Sunshine Law, § 610.020, RSMo., during which the Board discussed the New Replacement Storage Tank and passed a motion preemptively directing City staff to deny any request for building permit submitted by Plaintiff.

112.   The Board of Aldermen proceeded to discuss the New Replacement Storage Tank and passed said motion although the Board received actual notice that doing so would be in violation of the Sunshine Law.

113.   The Board of Aldermen's illegal actions during the June 22, 2021 were taken for the purpose of preemptively depriving Plaintiff the opportunity to obtain the permitting necessary to proceed with construction of the New Replacement Storage Tank, before the permit application had even been submitted for review.

114.   On July 15, 2021, Plaintiff submitted its application for a building permit to the City.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

115.   Upon receiving the application, City staff refused to take any action with respect to reviewing, granting, or denying Plaintiff's Building Permit Application, and notified Plaintiff it could retrieve the Building Permit Application materials.

116.   On July 28, 2021, Plaintiff retrieved its Building Permit Application and submitted same to St. Louis County for review.

117.   St. Louis County has notified Plaintiff that it has completed its review and is in a position to grant the building permit to Plaintiff, but cannot do so because of the City's decision not to consider Plaintiff's application and issue a zoning compliance letter.

118.   Plaintiff has a constitutionally protected property interest in the building permit because at the time Plaintiff submitted its Application, Plaintiff had voluntarily applied for a Conditional Use Permit, which was granted, and was otherwise exempt from the City's zoning laws relating to any setback requirements.

119.   On or about January 27, 2022, Plaintiff received a letter from Defendant Baker notifying Plaintiff that the Conditional Use Permit previously issued to Plaintiff was terminated because Plaintiff had not commenced substantial construction or operation of the New Replacement Storage Tank within one year of the Conditional Use Permit being granted.

120.   The January 2022 letter was sent despite the fact that the City has refused to consider Plaintiff's Building Permit Application, which in turn has made the commencement of substantial construction not possible.

121.   The City Defendants' acts and omissions described herein, including conducting a meeting in violation of Missouri's Sunshine Law to discuss and pass a motion to preemptively deny a building permit application that had yet to be submitted for review, and then ultimately refusing to take any action at all with respect to the permit application, all for the purposes of

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

depriving Plaintiff of its right to obtain the permit and proceed with construction for the New Replacement Storage Tank, were not only arbitrary, capricious and in violation of state law, but truly irrational.

122.    Plaintiff has been damaged as a result of the City Defendants' acts and omissions in that Plaintiff has spent a considerable amount of time and resources working with the City's elected officials and participating in multiple meetings with neighbors near the location of the New Replacement Storage Tank, at the City's request, to seek input about the color, lighting, orientation of the tower, grading, the type of fencing around the property, and other landscape-related matters all in an effort to make the New Replacement Storage Tank and the ground around the Tank more aesthetically pleasing, and worked with its design vendor to make changes to the construction plans to incorporate and/or address items discussed during those meetings.

123.    Plaintiff is entitled to an award of its attorneys' fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff, Missouri-American Water Company, respectfully requests this Court enter Judgment against the City Defendants and award a reasonable sum of money for damages in excess of $25,000, as well as Plaintiff's reasonable attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Respectfully submitted,

HAMILTON WEBER LLC

By /s/  John H. Kilper
    John H. Kilper, #60997
    Connor J. Lynde, #73827
    200 N. Third Street
    St. Charles, MO  63301
    636-947-4700
    FAX 636-947-1743
    jkilper@hamiltonweber.com
    clynde@hamiltonweber.com
    *Attorneys for Plaintiff Missouri-American*
    *Water Company*

**22SL-CC02451**

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM



EXHIBIT 1

22SL-CC02451

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM



3939 S. Lindbergh Blvd.
314-849-3400

**CONDITIONAL USE PERMIT**

FILE NO. _P-14-20_
DATE _12-14-20_
FEE _pd_

1. Is this an Amended Conditional Use Permit ☐ Yes  ☒ No  Date of original CUP _____

2. Applicant's Name  Missouri American Water Company

3. Mailing Address  727 Craig Road, Creve Coeur, MO 63141   Phone  314.996.2229

4. Agent's Name and Address  Volkert, Inc - Joe Hemphill, PE
   (if different than Applicant)
   1500 Eastport Plaza Drive, Suite 200, Collinsville, Illinois 62234

5. Property Owner's Name  Patricia J Heutel Trustee

6. Address of Property  11832 Sappington Barracks Rd

7. Area of Property to be used  23,466 SF / 0.54 Acres

8. Existing Zoning  C-1

9. Proposed Use  Elevated water tank - see attached tank specifications booklet

10. Remarks and Reasons  See attached letter.

11. Legal Description (to be attached)  See attached STL County real estate parcel information

12. Scale Drawings of Property, Area to be used and Proposed Development Plans (to be attached)

13. Fee: $250 for one acre or less.  More than one acre $250 plus $25 for each acre or fraction thereof over one acre.

I hereby state that I have read all applicable sections of the Zoning Ordinances of the City of Sunset Hills and can comply with all requirements of those regulations.  I also certify that all statements made on this application are true and that I have a legal right to make this application.

Signature: _Joseph R Hemphill_

May 08

EXHIBIT 2

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Volkert, Inc.
1500 Eastport Plaza Drive, Suite 200
Collinsville, IL, 62234
618.345.8918
www.volkert.com



October 13, 2020

City of Sunset Hills
Building Division – Planning & Zoning
3939 South Lindbergh Blvd.
Sunset Hills, Missouri 63127

**Request for Conditional Use Permit**

Dear Sir/Madam-

Missouri American Water Company (MAWC) is currently under contract to purchase the property at 11832 Sappington Barracks Road in Sunset Hills. A copy of the purchase contract is attached for your information. Volkert has been retained by MAWC to provide acquisition, preliminary engineering/permitting, and environmental services for the project. Volkert is submitting the attached conditional use permit on behalf of Missouri American Water Company for review and approval by the planning commission. Based on the zoning regulations for a C-1 zoned property, a conditional use permit is required for MAWC to construct the elevated tank.

The property is directly adjacent to a presently owned parcel of Missouri American Water Company that houses an elevated water tank. The existing elevated tank is in need of replacement to provide better and more reliable water service to Sunset Hills and the surrounding area. MAWC is proposing to purchase the parcel adjacent to the existing elevated tower to construct a new elevated tank. Once the new tank is in service, the existing tank will be removed from service and demolished from the neighboring property. There is no anticipated traffic generation from the proposed elevated tank installation. Currently the lot is developed as a surface parking lot.

The existing elevated tank currently provides approximately 250,000 gallons of storage for the region. MAWC is proposing to install a 1.5 million gallon elevated tank in place of the existing structure to stabilize pressure during peak usage time and fire flow scenarios. As shown on the attached site plan, the proposed tank will be placed at the south end of the property. The existing asphalt parking area on the lot will be removed and replaced with a driveway/parking area at the base of the tank. The remainder of the lot is expected to be lawn/grass area. A new security fence with locking gate to be installed utilizing the existing entrance to the property from Sappington Barracks Road.

The proposed structure is outlined in the attached brochure from a manufacturer of the type of structure that MAWC plans to construct. Final design of the proposed tank has not been completed, however the brochure gives approximate dimensions for the proposed tank size and scale. It is expected that the proposed tank will be about 10' taller than the existing tank currently on the adjacent parcel.

*Delivering the future of infrastructure*

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

As noted above, please find the completed/signed conditional use permit form, notice of appeal to the board of adjustment form, application fees, preliminary site plan, St. Louis County parcel information, and elevated tank brochure attached to this letter.

Missouri American Water Company looks forward to working with the City of Sunset Hills on this upgrade and expansion project.  Please contact Joe Hemphill, PE with Volkert, Inc at 618.345.7072 | joe.hemphill@volkert.com or Matt Jaspering with Missouri American Water at 314.606.2315 | matt.jaspering@amwater.com with any questions or request for additional information.

Thank you for your time and consideration for this conditional use permit.

Sincerely,
**Volkert, Inc.**

Joe Hemphill, PE
Engineering Project Manager

**VOLKERT**

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM



# Landmark
## About Us

### OUR PHILOSOPHY AT LANDMARK IS SIMPLE

*Setting, adhering to and advocating the highest standards. This approach shapes everything we do, summarized in three key attributes ...*

**PRECISION:** Attention to every detail, demonstrated by the operating efficiency and superior aesthetics that make our composite elevated tanks stand apart in the industry.

**PERFORMANCE:** Collaborative project management, thorough execution and the resolve to do things right. — making the experience of working with us as good as the result.

**VALUE:** The best capital and life cycle cost, in a compelling and competitive offering. We believe highly visible infrastructure and projects regarded by some as merely utilitarian should be more than just adequate; they should meet elevated expectations and the highest practical standards.

Landmark has built its reputation on the composite elevated tank. It involves application-specific design and engineering as well as specialized construction processes, including a highly evolved system of concrete placement, the fabrication and assembly of steel plateworks, and the rigorous training of a skilled, highly motivated workforce.





Electronically Filed - St Louis County - May 03, 2022 - 04:43 PM

# Landmark | Composite Elevated Tanks

## DESIGN INNOVATION. MARKET TRANSFORMATION.

Landmark is the originator of the composite design, and the industry authority and primary constructor of large capacity elevated water storage tanks. Our market-transforming introduction of the composite elevated style has propelled us from innovator to leader, and the composite elevated tank is now the established industry standard for storage of up to 3.5 million gallons in North America, comprising more than 75 percent of all large capacity elevated applications.

The combination of a welded steel tank and reinforced concrete support pedestal is the most efficient use of materials for both containment and support. The single pedestal design provides a clean, contemporary silhouette and unique aesthetic advantages over all-steel structures, with tank geometry and pedestal diameter configured to specific capacity and site requirements. The tensile strength and watertight containment of the steel tank combines with the efficient load carrying characteristics of the concrete pedestal, which transmits loads to a foundation suited to local geology. The dry, protected interior of the pedestal houses piping and other integrated systems, and provides opportunities for multiple use. More than 75 percent of all large capacity elevated applications throughout North America are now composite.

**Competitive capital cost / lowest maintenance cost**

Designed in accordance with industry standard AWWA D107, composite elevated tanks provide efficiencies in design and construction — facilitating timely completion and resulting in competitive capital costs well recognized in the marketplace. This cost advantage increases as capacities rise from .50 million on up to 3.5 million gallons.

The composite elevated tank has the smallest amount of steel area and lowest potential maintenance of virtually any tank available, with convenient inspection access to all plate surfaces. Landmark can provide detailed life cycle cost analyses for all tank styles that compare the present value of future coating costs over a specific evaluation period. The savings provided by composite tanks is 15 to 20 percent of capital cost or more.

Landmark's concrete pedestal is virtually maintenance free. The pedestal's concrete dome supports the steel tank floor, eliminating condensation and the need for protective ceilings or barriers. The use of high-quality materials for ladders, risers and overflow piping further eliminates the need for painting and maintenance. The more you know about composite elevated tanks, the clearer your decision will be on selecting a water storage solution partner.

| CAPACITY (U.S. GAL) | TANK DIA (FT) | HEIGHT (FT) | PEDESTAL DIA (FT) |
|---|---|---|---|
| 300,000 | 42 – 45 | 33 | 20 |
| 500,000 | 50 – 65 | 35 – 40 | 20 – 24 |
| 1,000,000 | 65 – 75 | 35 – 40 | 32 – 35 |
| 1,500,000 | 80 – 90 | 40 – 45 | 42 |
| 2,500,000 | 100 – 110 | 45 – 60 | 54 |
| 3,500,000 | 115 – 125 | 55 | 60 – 66 |

Diagram labels:

- OBSTRUCTION LIGHT
- ACCESS HATCHES
- STEEL TANK ROOF OVERFLOW WEIR
- WELDED STEEL TANK SHELL
- WELDED STEEL TANK FLOOR PLATE
- REINFORCED CONCRETE STRUCTURAL SLAB
- RING BEAM
- OVERFLOW PIPE
- INLET/OUTLET PIPE
- TANK DRAIN VALVE
- CONTROL VALVES AND PIPING
- FOUNDATION
- WATER MAIN
- ROOF RAIL
- TANK VENT/VACUUM RELIEF
- FLOODLIGHT/BEACON
- ACCESS TUBE
- DRIP RINGS
- TANK FLOOR MANHOLE
- TANK ACCESS LADDER
- RESIDING WALL ACCESS LOUVER
- ROOF ACCESS LADDER
- UPPER PLATFORM
- ACCESS LADDER WITH SAFE CLIMBING DEVICE
- CELLULAR CABLE
- REINFORCED CONCRETE SUPPORT WALL
- LIGHTING
- CONDUIT
- SLAB ON GRADE
- OVERHEAD VEHICLE DOOR
- PERSONNEL DOOR

Electronically Filed - St Louis County - May 03, 2022 - 04:40 PM

Electronically Filed - St. Louis County - May 03, 2022 - 04:49 PM

# LET'S TALK ABOUT YOUR NEXT PROJECT

Landmark has transformed the elevated tank industry with the origination of the composite concept, resulting in a consistent history of successful project execution and satisfied clients. There's a reason why Landmark is the resource for owners and engineers seeking best cost and enduring aesthetics.

We encourage you to learn more about our commitment to higher standards — and the insight and experience we can bring to your next project. By setting the bar high for ourselves, we hope to elevate your expectations as well.



**LANDMARK**

Elevating Expectations

1665 Harmon Rd, Fort Worth, TX 76177
Phone: 817 439 8888
teamlandmark.com



**22SL-CC02451**

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

# P-14-20

**Title:**   Petition for a Conditional Use Permit, submitted by Missouri American Water Company, for the construction of a water tower at 11832 Sappington Barracks Road.

**Owner:**   Patricia Heutel
             10700 Gravois Road
             St Louis, Missouri 63127

**Petitioner:**   Missouri American Water Company
                  727 Craig Road
                  St Louis, Missouri 62234

**Date:**   November 2020



*Map is for informational use only.  Not a representation of the project.

1

EXHIBIT 3

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

**Summary:**

This petition is for a Conditional Use Permit for the construction of a water tower.  The property is located on the south side of Sappington Barracks Road, approximately 300 feet east of Highway 30.  The property is currently zoned C-1 Commercial District.  The properties to the north and west are also zoned C-1.  The properties to the south and east are zoned R-3 Single Family Residential.

**History & staff analysis:**

An existing water tower, owned and operated by Missouri American Water Company, currently exists on the property at 11834 Sappington Barracks Road.  That water tower was constructed in 1965, when the property was under St Louis County's jurisdiction.  That water tower has come to the end of its useful life and is need of replacement.

The petitioner is proposing to construct a water tower on the property at 11832 Sappington Barracks Road, north of the property occupied by the existing tower.  After the new tower is in service, the existing tower will be removed.

**Staff recommendation:**

Based on information provided by the petitioner, staff recommends approval of this petition with the following conditions:

1.  The existing tower must be demolished no longer than 6 months after the new tower is in service;
2.  The existing parking lot must be removed and vegetation must be established across the site, with the exception of the proposed asphalt concrete shown on the plans included in this packet;
3.  The City logo or "Sunset Hills" must be placed on the tower.  All graphics must be agreed to and approved by the City;
4.  Sidewalks must be installed on the west side of the driveway.

**22SL-CC02451**

Electronically Filed - St. Louis County - May 03, 2022 - 04:49 PM

MINUTES OF THE REGULAR MEETING

OF THE PLANNING AND ZONING COMMISSION

OF THE CITY OF SUNSET HILLS, MISSOURI

HELD ON WEDNESDAY, NOVEMBER 4, 2020

BE IT REMEMBERED that the Planning and Zoning Commission of the City of Sunset Hills, Missouri met by Zoom meeting on Wednesday, November 4, 2020. The meeting convened at 10:00 A.M.

The meeting began with those present standing for the reciting of the Pledge of Allegiance.

ROLL CALL

| | | |
|---|---|---|
| **Present:** | Steve Young | -Member |
| | Roger Kaiser | -Member |
| | Mike Svoboda | -Member |
| | Frank Pellegrini | -Member |
| | Todd Powers | -Member |
| | Brian VanCardo | -Member |
| | Bryson Baker | -City Engineer |
| | Robert E. Jones | -City Attorney |
| | Lynn Sprick | -City Planner |
| **Absent:** | Michael Hopfinger | -Member |
| | Rich Gau | -Member |
| | Terry Beiter | -Chairman |

Mr. Svoboda made a motion that Mr. Young be temporary chairman for the meeting. Mr. Kaiser seconded the motion, and it was unanimously approved.

## APPROVAL OF THE MINUTES

Copies of the minutes of the October 7, 2020 Planning and Zoning Commission meeting were distributed to the members for their review. Mr. Kaiser made a motion to approve the minutes as submitted. Mr. Pellegrini seconded the motion, and it was unanimously approved.

## NEW BUSINESS:

P-12-20      Petition for a Boundary Adjustment, submitted by Dean & Deborah Franklin, for the properties at 11003 and 11004 Rambling Oaks Drive.

EXHIBIT 4

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Ms. Sprick stated the properties were developed prior to annexation. There is an existing retaining wall intended for 11003 Rambling Oaks Drive that encroaches onto 11004 Rambling Oaks Drive. This Boundary Adjustment would transfer that piece of land to 11003 Rambling Oaks Drive. Staff recommends approval.

Mr. Pellegrini made a motion that petition P-12-20 Petition for a Boundary Adjustment, submitted by Dean & Deborah Franklin, for the properties at 11003 and 11004 Rambling Oaks Drive be approved. Mr. Kaiser seconded the motion, and it was unanimously approved.

P-13-20          Petition for an Amended Development Plan, submitted by Friendship Village of Sunset Hills, for revisions to a parking area at the northwest corner of the development at 12777 Village Circle Drive.

Ms. Sprick stated that there have been changes made to the previously approved lot. The parking lot is configured differently than what was approved. The parking lot meets all zoning requirements and staff recommends approval with the condition that the gate near Pointe Drive have a date set to be closed to the public.

Mike Vorwerk, with Civil Engineering Design Consultants, was present and stated the date has not been set yet, but they will let Staff know as soon as possible.

Mr. Svoboda asked what the gate is used for.

Mr. Vorwerk stated it is used for emergency access only, but it is currently being used it for construction purposes. He added that he is not sure if the look of the gate will be changed or kept the same.

Mr. Pellegrini asked what the urgency to having it closed is.

Ms. Sprick stated that it was never intended to have another entrance to Friendship Village.

Mr. Vorwerk stated the date will be given. It's located at the western most portion of the campus. The main entrance and signage is at the east.

Mr. Baker stated residents have issues with vehicle lighting leaving the lot.

Jeff Camilleri, of 12800 Pointe Drive, stated he can see the gate from his property. The parking lot is already constructed and his only issue is the gate. The amount of traffic coming and going to that gate is unacceptable. Residents of Friendship Village and the neighborhood are constantly walking through each other's subdivisions. He would like to see the gate permanently taken out. When the construction workers and employees leave for the day, they leave through Pointe Drive and speed through the subdivision, running stop signs.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Mr. Vorwerk stated he would request the gate be closed today. The gate was required to be installed by the fire marshal.

Ms. Sprick read a letter from the trustees of Sunset Pointe subdivision stating. A temporary lot was installed with a temporary entrance. They were told that they would only be in place until construction was complete. The temporary lot was graded and paved. The City should have stopped the construction when first notified. Metropolitan Sewer District (MSD) approval should be required due to the change. This is not the first time Friendship Village has changed or modified the final development plan without Staff approval.

Kara Shenberger, stated that she had to send emails multiple times over the safety concern of the cars speeding through the subdivision. Additionally, they constantly have to request the streets be cleaned of the mud runoff.

Mr. Baker stated it is a large project and the City tries to keep up with it as best as they can. Once the City was made aware of the change, the City looked into it and the contractor was notified. The contractor continued with the work and the City let him know that if the request was denied the parking lot would have to be taken out. The City did not put a stop work order on the project.

Mr. Young asked if the closure of the gate should be made effective immediately.

Mr. Baker stated yes, it is more of a convenience for the development. They have other entrances they can use.

Mary Furrer, of 11210 Pointe Court, stated the city was notified immediately. The issue is that they have changed numerous projects without approval. The workers are speeding through the neighborhood and running stop signs. The mud runoff is excessive.

Mr. Svoboda asked where the dirt on the road is.

Ms. Furrer stated mainly on Pointe Drive from the exit out to Gravois Road. The mud gets carried into the subdivision when it rains.

Mr. Pellegrini made a motion that the petition be denied until the parking lot is put back to the original plan and the gate is closed.

Mr. VanCardo stated the gate will not be addressed if the parking is torn out. If this plan would have been originally provided to the City, it would have been approved.

Mr. Baker stated it meets City standards.

Mr. Svoboda asked if the parking lot is causing problems.

Ms. Furrer stated it is the principle that they did the construction without approval.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Mr. VanCardo stated that he agrees with the principle, but to tear out the parking lot does not make sense. He inquired on a way they can be held accountable.

Mr. Baker stated that Friendship Village believed the contractor was going to submit the change to the City, but they never did it.

Ms. Shenberger stated the concern with the stop sign at the gate makes it seem that the entrance will be used regularly.

Mr. Vorwerk stated the gate can be closed and the stop sign can be removed immediately.

Mr. Pellegrini stated that the contractors not following original plans and continuing work without accountability is an issue. He does not want to see this precedent be set.

Mr. Svoboda stated he hesitates about having the stop sign removed in case the gate is left open. It may be a safety issue.

Mr. Pellegrini withdrawew his original motion, but would like the gate closed immediately.

Mr. Pellegrini made a motion that petition P-13-20 Petition for an Amended Development Plan, submitted by Friendship Village of Sunset Hills, for revisions to a parking area at the northwest corner of the development at 12777 Village Circle Drive be recommended to the Board of Aldermen for approval with the condition that the construction entrance be closed to the public immediately. Mr. Vancardo seconded the motion, and it was unanimously approved.

Mr. Svoboda stated the Board of Aldermen should make some kind of procedure or fine for contractors doing construction that is not on the original plan.

Mr. Jones stated a stop work order can be placed on any project

P-14-20      Petition for a Conditional Use Permit, submitted by Missouri American Water Company, for the construction of a water tower at 11832 Sappington Barracks Road.

Ms. Sprick stated the proposed tower would be ten feet taller than the existing tower and adjacent to the existing tower. The petitioner will remove the existing lot. Upon completion of the new tower, service will be switched over and the existing tower will be removed. Staff recommends approval with conditions that the existing tower must be demolished no longer than six months after the new tower is in service, the existing parking lot must be removed and vegetation must be established across the site, with the exception of the proposed asphalt concrete shown on the plans, the City logo must be placed on the tower with approval by the City of the graphics, and sidewalks must be installed on the west side of the driveway.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Joe Hemphill, engineer for Missouri American Water, was present and stated that screening will be placed. The tank will be more modern and aesthetically pleasing.

Mr. Svoboda asked about the City logo.

Mr. Hemphill stated Missouri American Water is okay with the City's logo and would like their logo on it, as well.

Matt Jaspering, with Missouri American Water, stated he would like to see the City logo, but they are okay with putting it on the tower.

Mr. Young asked if there are any risks to residents living near the tower

Mr. Jaspering stated nothing more than what is already there. If it overflows, the water runs down and into storm drains.

Jen Carlson, of 11800 Crestwick, asked why the tank is being replaced

Mr. Jaspering stated it is older, the new one will have more storage, and the change in elevation for increased pressure will benefit.

Ms. Carlson stated her concern about the size of the tank.

Mr. Jaspering stated it will be about twice as large as the existing tank.

Mr. Hemphill stated it is approximately 86 feet in diameter.

Ms. Carlson stated she can see the existing tower from her living room and she is concerned with the larger tower obstructing her view of the landscape. She does not feel that the site plan is enough information to show residents what will be on site. She inquired on what materials will be used.

Mr. Jaspering stated the bottom will be concrete and the top will be metal.

Mr. Young stated a condition can be made for it to be painted.

Ms. Carlson asked what lighting would be like on site.

Mr. Jaspering stated there will be a light at the entrance and a dusk to dawn light at the bottom of the tank. It can go without lighting, unless the City would like lighting on their logo.

Mr. Jaspering stated a red light for aviation is usually placed on top.

Ms. Carlson asked what the fence material will be made of.

Mr. Jaspering stated the rear is required to be a solid fence. The side and front will be aluminum, rod iron type of fencing.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Ms. Carlson asked how tall it will be.

Mr. Jaspering stated the fence will be at least six feet tall.

Ms. Sprick asked if the large trees along the east property line will remain.

Mr. Jaspering stated they will talk to the contractor and would like to keep them in place.

Mr. Svoboda made a motion that petition P-14-20 Petition for a Conditional Use Permit, submitted by Missouri American Water Company, for the construction of a water tower at 11832 Sappington Barracks Road be recommended to the Board of Aldermen for approval with the conditions that the existing tower must be demolished and vegetation established no longer than six months after the new tower is in service, the existing parking lot must be removed and vegetation must be established across the site, with the exception of the proposed asphalt concrete shown on the plans, the City logo must be placed on the tower with approval by the City of the graphics, and sidewalks must be installed on the west side of the driveway. Mr. Pellegrini seconded the motion, and it was unanimously approved.

P-15-20     Petition for a Conditional Use Permit, submitted by QPS Missouri Holdings, LLC, for a medical marijuana dispensary facility at 10425 Watson Road.

Ms. Sprick stated the business will be located in an existing building. Several improvements are being made including the parking lot, landscaping, and various building upgrades. The City and State have strict requirements for these businesses. Two variances are required; the first is to vary lighting standards, the second is for a side setback to meet drive aisle and parking space requirement. Staff recommends approval with the condition that the variances are approved. She read a letter received from Prestige Pools, which stated that cannabis dispensaries make cities less safe. They oppose the dispensary and safety is a concern. Their customers are families and can see the dispensary from inside the showroom. They believe this will have a negative impact on their business and value of their property.

Ankur Rungta, CEO and Mike Hackmeister, of Cochran Engineering were present. Mr. Hackmeister stated building upgrades will be done. A six foot tall privacy fence will be added to the rear. Besides the two variances, all requirements will be met. The lighting variance is for customer safety. The parking variance is to make the parking lot meet requirements.

Mr. Rungta stated the state has a robust licensing process. The company is based in Michigan and is active in four states. They would like to improve the aesthetics of the site. There are very strict requirements for security and building access from the State. The high security base can actually make the area safer. They are strong partners for the communities.

Mr. Svoboda asked about fake prescriptions.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Mr. Rungta stated the team is thoroughly trained. Compliance is important. A certified physician has to write the prescription. Secret inspections and annual inspections are done on the business.

Jen Carlson, of 11808 Crestwick, asked the hours of operation.

Mr. Rungta stated 10:00 AM – 9:00 PM every day. If the City would like to limit the hours, they can.

Mr. Vancardo asked if this can transition from medical to recreational.

Mr. Rungta stated recreational is possible; the company holds both licenses. Rules and operating procedures are different. Different products are available for each. The State has not begun the process to allow recreational, but there is a detailed set of rules.

Mr. Pellegrini asked why they chose this location.

Mr. Rungta stated there is a desire and focus for geographical spread. There are two in the St. Louis area, one in Saint Charles, and one in Columbia, St. Robert, and Cape Girardeau. Sunset Hills is perfect for what they offer.

Mr. Carlson stated there is a competitor on South Lindbergh Boulevard.

Mr. Rungta stated in August of last year, the location had to be picked. At that time they did not know where anyone else would go.

Mr. Svoboda stated the conceptual plan shows a significant upgrade to the site.

Mayor Fribis asked if sidewalks will be provided.

Ms. Sprick stated there are sidewalks along the road as part of the State right of way.

Mr. Svoboda made a motion that petition P-15-20 Petition for a Conditional Use Permit, submitted by QPS Missouri Holdings, LLC, for a medical marijuana dispensary facility at 10425 Watson Road be recommended to the Board of Aldermen for approval with the conditions that the Board of Adjustment approves the variances. Mr. Kaiser seconded the motion, and a roll call vote was taken.

| | |
|---|---|
| Steve Young | -Aye |
| Roger Kaiser | -Aye |
| Mike Svoboda | -Aye |
| Frank Pellegrini | -Nay |
| Todd Powers | -Aye |
| Brian VanCardo | -Nay |

Capital improvements program (CIP) budget for 2021, submitted by the City of Sunset Hills.

Mr. Baker stated every year the capital improvement budget has to be approved. If there are any questions about the projects he can answer them. Road and right of way projects are included.

Mr. Jones stated section 89.380 revised statutes stated any city that has a Comprehensive Plan must approve the budget. Even if denied, the Board can still approve.

Mr. Svoboda asked if it has been through the finance committee.

Mr. Baker replied yes.

Mr. Pellegrini asked if all requests from the police department are listed.

Mr. Baker stated yes.

Mr. Pellegrini asked if there is a contingency plan is in place for rioting.

Mr. Baker stated an emergency preparedness is in place. The City can check into this further.

Pellegrini stated there used to be a contingency plan with partnership agreements with close municipalities. This should be checked into.

Mr. Baker stated he will check with the lieutenant to confirm.

Mr. Svoboda made a motion to approve Capital improvements program (CIP) budget for 2021, submitted by the City of Sunset Hills. Mr. Powers seconded the motion and it was unanimously approved.


**ADJOURNMENT**

Mr. Pellegrini  made a motion to adjourn the meeting at 11:28 A.M. Mr. Kaiser seconded the motion, and it was unanimously approved.

Recording Secretary

Sarina Cape

**22SL-CC02451**

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

MINUTES OF THE REGULAR MEETING

OF THE BOARD OF ALDERMEN

OF THE CITY OF SUNSET HILLS MISSOURI

HELD ON DECEMBER 8, 2020

BE IT REMEMBERED that the Board of Aldermen of the City of Sunset Hills, Missouri met in regular session held via Zoom on Tuesday, December 8, 2020. The meeting convened at 6:00 p.m.

The meeting began with the reciting of the Pledge of Allegiance.

**ROLL CALL:**

| | |
|---|---|
| Patricia Fribis | -Mayor |
| Joe Stewart | -Alderman Ward I |
| Ann McMunn | -Alderman Ward I |
| Steve Bersche | -Alderman Ward II |
| Casey Wong | -Alderman Ward II |
| Cathy Friedmann | -Alderman Ward III |
| Nathan Lipe | -Alderman Ward III |
| Mark Colombo | -Alderman Ward IV |
| Thompson Price | -Alderman Ward IV |
| Brittany Gillett | -City Administrator |
| Susanna Messmer | -Finance Director |
| Bryson Baker | -City Engineer |
| Gerald Brown | -Director of Parks & Recreation |
| Stephen Dodge | -Chief of Police |
| Robert E. Jones | -City Attorney |

**APPROVAL OF MINUTES:**

Alderman Price made a motion to accept the minutes as read for the November 24, 2020 special meeting.  Alderman Stewart seconded the motion and it was unanimously approved.

**CONSENT AGENDA:**

A) Bills to be approved
B) Request for an Original Package Liquor and Sunday Original Package Liquor license from Bucky's Express, LLC dba Bucky's Express #657, previously Buck's Inc., purchased by Casey's General Stores

Alderman Price made a motion to accept the Consent Agenda. Alderman Lipe seconded the motion and it was unanimously approved.

**PUBLIC HEARING: The Board will consider a petition for an Amended Development Plan, submitted by Friendship Village of Sunset Hills, for revisions to a parking area at the Northwest corner of the development at 12777 Village Circle Drive**
Director of PW, Bryson Baker, explained the changes requested within the petition. Mike Vorwerk with Civil Engineering Design Consultants then stated the Amended Development Plan approved in 2017 had been followed with changes to parking spaces.  Instead of 44 parking spaces there are 40 parking spaces with a new drive lane, increasing pavement square footage to 6000 square feet.

EXHIBIT 5

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

He stated they still meet required open space and parking space requirements.

Mr. Baker discussed the requirements to keep the existing gate closed with exception to emergency access.

Alderman Colombo recommended they request a more decorative gate to replace the existing construction grade gate.

There was discussion about the need for a replacement gate.

Alderman Friedmann asked if approvals from MSD were obtained for the parking lot. Mr. Vorwerk replied there were no additional permits required in addition to the original approvals.

Bill Holland, trustee from Sunset Pointe subdivision spoke on mud problems caused by water runoff from the parking lot. He also spoke about the agreement with Friendship Village that the gate be required to remain closed with the exception of use by emergency vehicles. He also discussed keeping the gate closed for safety and to keep unnecessary traffic out of the subdivision. He stated during construction there was a lot of construction traffic and employee overflow parking traffic. He would like to make sure it is a condition of approval to keep the gate closed so they can retain the integrity and safety of the subdivision.

**PUBLIC HEARING: The Board will consider a petition for a Conditional Use Permit, submitted by Missouri American Water Company, for the construction of a water tower at 11832 Sappington Barracks Road**

Mr. Baker explained the new tower will be taller and bigger than the existing one, which would be demolished once the new tower was complete. He stated the City would like the logo incorporated somewhere on the tower.

Matt Jaspering with Missouri American Water gave specifics on the new tower. The existing tower is 250,000 gallons, and has outlived its usefulness. The radius of the existing tower is approximately 60 feet, the new tower radius will be 82 feet.

There was discussion of water tower heights and sizes in neighboring areas, as well as the expected lifespan of the new tower. The new tower is expected to have a 50-year lifespan.

Alderman Stewart asked why an underground water storage tank with a pump system would not be sufficient.

Taylor with Missouri American Water explained that due to the size of the system in St. Louis County, they operate several different pressure gradient systems. It is ideal to have at least one elevated tank within each pressure gradient system. He explained although ground storage tanks store more water, the elevated tower helps relieve pressure surges at booster sites, as well as perform during power failures due to the elevation working with gravity. They also provide back up for water main breaks.

Alderman Lipe asked if the tower was going to say Sunset Hills on it. Mr. Jaspering stated they were open to discussing that with the City.

Alderman Wong asked if the water tower did not go through what was the next best game plan. Mr. Jasper stated they did not have a secondary plan currently.

Alderman Colombo asked what the height of the new and existing towers were. Mr. Jaspering stated the new tower will be 105 feet tall, and the existing tower is approximately 95 feet tall.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

**PUBLIC HEARING: The Board will consider a petition for a Conditional Use Permit, submitted by QPS Missouri Holdings, LLC for a Medical Dispensary facility at 10425 Watson Road**

Mr. Baker gave a brief description of the petition. Mr. Eric Kirchner with Cochran Engineering then spoke on the development specifics. Mr. Ankur Rungta discussed the licensing process and how they have a great track record with the communities they are currently located in. They have complied with all requirements and are looking forward to invigorating the property and being part of the community.

Alderman Wong asked about the customer traffic estimate for the property. Mr. Rungta estimated roughly 90 transactions per day over an eleven-hour period.

There was discussion on potential traffic projection changes with possible future retail use.


**PUBLIC COMMENT:**
Comments submitted by the public in reference to the Bombers Rugby Park and West Watson/Gravois Rd. intersection were read into the record by Mayor Patricia Fribis.

**OLD BUSINESS:**

**Bill No. 15 – An Ordinance approving and adopting an Operations Budget of anticipated cash revenue and cash disbursements for the General Revenue Fund of the City of Sunset Hills, St. Louis County, Missouri, for the fiscal year commencing January 1, 2021, and ending December 31, 2021, providing for expenditures in accordance with said budget and making appropriations thereof**
**SECOND READING**

Alderman McMunn read Bill No. 15 for a second reading. Alderman Lipe made a motion to approve Bill 15. Alderman Bersche seconded the motion.

Prior to the roll call vote, Alderman Price asked if there had been any progress with looking into suspending pay for the Board of Aldermen. Alderman Price expressed the desire for the Board to participate in some way to help with the 2021 budget. Alderman Price made a motion to suspend the Board of Alderman pay until the end of April. Alderman Friedmann seconded the motion. There was lengthy discussion on elected official salaries. It was recommended by City Attorney Jones that the Aldermen who wish to waive their salary contact Finance Director Susanna Messmer, rather than requiring the suspension through an ordinance. He noted that if the motion did not pass unanimously, it would not be possible to enforce because of the existing ordinance which specifies the salaries for elected officials.

**Bill No. 15 ROLL CALL VOTE:**
**Vote**: Passed (Summary **Yes= 8**)
Alderman McMunn, Alderman Wong, Alderman Price, Alderman Lipe, Alderman Colombo, Alderman Bersche, Alderman Friedmann, Alderman Stewart

Mayor Fribis declared Bill No.15 to become Ordinance # 2188.

Alderman Price re-stated his motion to suspend the salaries of the Board of Aldermen until the fourth Tuesday in April 2021. Alderman Friedmann seconded the motion and the motion was approved 7 ayes 1 nay.

Mayor Fribis stated that it was up to every elected official to decide how they would like to handle this, and they can talk to Susanna Messmer to make arrangements if they wish to waive their salary.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Alderman Colombo, Alderman Bersche and Alderman Price affirmed their intention to waive their salaries.

**Bill No. 17 – An Ordinance of the City of Sunset Hills, calling an Election to be held on April 6, 2021, in order to submit a proposition to the qualified voters regarding imposition of a use tax**
**SECOND READING**

Alderman Stewart read Bill No, 17 for second reading. Alderman Stewart made a motion to approve Bill No. 17. Alderman Lipe seconded the motion.
**ROLL CALL VOTE:**
**Vote**: Passed (Summary **Yes= 8**)
Alderman Lipe, Alderman McMunn, Alderman Stewart, Alderman Friedmann, Alderman Bersche, Alderman Wong, Alderman Price, Alderman Colombo

Mayor Fribis declared Bill No.17 to become Ordinance # 2189.

**Bill No. 18 – An Ordinance amending Ordinance number 2146, approving an Amended Development plan for St. Louis Bombers, RFC for redevelopment of the property at 13450 West Watson Road**
**SECOND READING**

Alderman Bersche read Bill No. 18 for a second reading. Alderman Lipe made a motion to approve Bill No. 18. Alderman Price seconded the motion.

**ROLL CALL VOTE:**
**Vote**: Passed (Summary **Yes= 5, No= 3**)
Yes: Alderman Wong, Alderman Price, Alderman Lipe, Alderman Colombo, Alderman Bersche
No: Alderman Stewart, Alderman Friedmann, Alderman McMunn

Mayor Fribis stated her right to veto Bill No. 18 per 79.140 of the Revised Statutes of the State of Missouri and noted that she will return Bill No. 18 to the Board of Aldermen with written objections.

Mayor Fribis then cited specific cases giving Fourth Class city's powers to regulate street safety. Mayor Fribis stated she did not have anything against Rugby and that she loved all sports and would like to meet with them to discuss alternate locations if they so desire.

**Bill No. 19 – An Ordinance requiring an Ordinance for the sale, lease or acquisition of property by the City of Sunset Hills**
**SECOND READING**

Alderman Wong read Bill No. 19 for a second reading. Alderman Wong made a motion to approve Bill No. 19. Alderman Stewart seconded the motion.

**ROLL CALL VOTE:**
**Vote**: Passed (Summary **Yes= 8**)
Alderman McMunn, Alderman Wong, Alderman Price, Alderman Lipe, Alderman Colombo, Alderman Bersche, Alderman Friedmann, Alderman Stewart

Mayor Fribis declared Bill No.19 to become Ordinance # 2190.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

**CITY OFFICIAL AND COMMITTEE REPORTS:**

City Clerk/Administrator – Brittany Gillett stated candidate filing for the April 6 election would open on December 15 at 8 am and would be handled on a first come first serve basis and that candidates would be kept separate and taken into the Board Chamber so we are able to maintains a safe social distance.

Finance Director – Susanna Messmer stated nothing to report.

Chief of Police- Stephen Dodge stated nothing to report.

City Attorney – Robert E. Jones stated nothing to report.

City Engineer – Bryson Baker stated he would like to give notice that the Planning and Zoning Commission would be meeting Thursday December 17 via Zoom to discuss the new Zoning Code.

Director of Parks & Recreation – Gerald Brown stated he was happy to report that the Park Board and Pool Advisory held the annual Holiday Lighting Contest via Zoom on December 14. He stated the winners were posted on-line and he encouraged everyone to go look at the houses that won.

**COMMITTEE REPORTS:**

Finance Committee – Alderman Colombo stated nothing to report

Economic Development Committee – Alderman Price stated there was not an Economic Development meeting this month however he did ask for a construction report from Mr. Baker. He listed the current projects underway.

Parks & Recreation Commission – Alderman Bersche stated nothing new to report.

Police Advisory Board – Alderman Bersche nothing new to report

Public Works Committee – Alderman Lipe nothing new to report

**NEW BUSINESS:**

**Bill No. 20 – An Ordinance approving an Amended Development Plan for Friendship Village of South County**
**FIRST READING**

Alderman Friedmann read Bill 20 for a first reading.
Alderman Colombo made a motion to amend the ordinance to include the requirement for the gate to remain secured at all times with exception of emergency vehicles and to be replaced with a more decorative gate.  Motion was seconded by Alderman Lipe

There was discussion about keeping the gate closed and access for emergency vehicles. It was stated there would be a key given to the emergency agencies using the gate

Voice vote was unanimously approved.

**Bill No. 21 – An Ordinance granting a Conditional Use Permit to Missouri American Water Company for installation of a new water tower at 11832 Sappington Barracks Road**
**FIRST READING**
**\*Petitioner has asked for a second reading**

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Alderman Lipe read Bill No. 21 for a first reading.

There was discussion about placement of the City logo on the tower. Attorney Jones stated that this was a condition in the ordinance and is up to the City to decide how it should be placed on the tower.

Alderman Price made a motion to suspend the rules and have a second reading. There was no second.
Motion to suspend the rules and read for a second time failed due to lack of a second.

**Bill No. 22 – An Ordinance granting a Conditional Use Permit to QPS Missouri Holdings, LLC for a Medical Marijuana Dispensary at 10425 Watson Road**
**FIRST READING**

Alderman Price read Bill No. 22 for a first reading

Alderman Wong brought up the operating hours of the proposed dispensary. There was lengthy discussion regarding imposing restricted hours on Sundays.

**Resolution No. 542 – A Resolution approving Gateway Design Studio, as the Design Consultant for the Watson Trail Playground renovation project**

Alderman Colombo read Resolution No. 542.  Alderman Colombo made a motion to approve Resolution No. 542. Alderman McMunn seconded the motion and it was unanimously approved.

**Resolution No. 543 – A Resolution approving contracts with J. W. Terrill, Travelers Insurance, The Hartford, and Chubb Insurance and authorizing the Mayor and/or City Administrators to execute the same on behalf of the City of Sunset Hills**

Alderman Stewart read Resolution No. 543. Alderman Stewart made a motion to approve Resolution No. 543. Alderman Price seconded the motion and it was unanimously approved.

**APPOINTMENTS:**
None

**RE-APPOINTMENTS:**
None

**GENERAL DISCUSSION:**

Alderman Bersche made a suggestion to form a traffic committee for the West Watson/Gravois Road intersection safety issues. Mayor Fribis stated she felt this committee was a good idea and stated anyone interested in serving on the committee should fill out a volunteer interest form.

Alderman Wong made the suggestion for a possible committee to review the Unified Development Ordinance. There was lengthy discussion in reference to additional residential input for the review of the Unified Development Ordinance.

Alderman Price commented on the dangers of the West Watson/Gravois Road intersection and additional discussion was held in reference to a solution to the problem. Alderman Stewart suggested he would be willing to serve as head of the traffic committee. City Administrator Brittany Gillett stated she and Public Works Director Bryson Baker could put together something to formally present to the Board. Mayor Fribis stated that anyone interested in the committee

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

should contact City Administrator Brittany Gillett so she could add them to a list of potential members.

Alderman Friedmann asked if the City could look into making a diversity and inclusivity statement on the website. City Administrator Brittany Gillett stated she would put something together and bring it back as a resolution to the Board.

Mayor Fribis thanked Dede Hendricks for her service as Recording Secretary.

**REQUEST TO MEET IN CLOSED SESSION:**

Request to meet in closed session pursuant to 610.21 (1), (2) (3) and (12) RSMo to discuss legal, real estate, personnel and contract matters.

There was no closed session.

**ADJOURNMENT:**

Alderman McMunn made a motion to adjourn the meeting. Alderman Colombo seconded the motion. The meeting adjourned at 8:52 p.m.

Deputy City Clerk

**22SL-CC02451**

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

MINUTES OF THE REGULAR MEETING

OF THE BOARD OF ALDERMEN

OF THE CITY OF SUNSET HILLS MISSOURI

HELD ON JANUARY 12, 2021

BE IT REMEMBERED that the Board of Aldermen of the City of Sunset Hills, Missouri met in regular session held via Zoom on Tuesday January 12, 2021. The meeting convened at 6:05 p.m.

The meeting began with the reciting of the Pledge of Allegiance.

**ROLL CALL:**

| | |
|---|---|
| Patricia Fribis | -Mayor |
| Joe Stewart | -Alderman Ward I |
| Ann McMunn | -Alderman Ward I |
| Steve Bersche | -Alderman Ward II |
| Casey Wong | -Alderman Ward II |
| Cathy Friedmann | -Alderman Ward III |
| Nathan Lipe | -Alderman Ward III |
| Mark Colombo | -Alderman Ward IV |
| Thompson Price | -Alderman Ward IV |
| Brittany Gillett | -City Administrator |
| Susanna Messmer | -Finance Director |
| Bryson Baker | -City Engineer |
| Gerald Brown | -Director of Parks & Recreation |
| Stephen Dodge | -Chief of Police |
| Robert E. Jones | -City Attorney |

| | | |
|---|---|---|
| **ABSENT** | Nathan Lipe | -Alderman Ward III |

**APPROVAL OF MINUTES:**

Alderman Price made a motion to accept the minutes as read for the November 24, 2020 closed session meeting, the December 8, 2020 regular meeting and the December 22, 2020 special and closed session meetings. Alderman McMunn seconded the motion and it was unanimously approved.

**CONSENT AGENDA:**

A)  Bills to be approved

Alderman McMunn made a motion to accept the consent agenda. Alderman Price seconded the motion and it was unanimously approved.

**PUBLIC HEARING: The Board will consider two petitions submitted by Special School District of St. Louis County, for improvements to South County Technical School at 12721 West Watson Road**

a)      An Amended Conditional Use Permit

1

EXHIBIT 6

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Mr. Baker gave a summary of the work to be done. He stated one of the existing maintenance buildings would be converted into additional classroom and office space, as well as striping changes on the surrounding lot and moving some existing bus stalls.

**PUBLIC COMMENT:**
A comment submitted by the public in reference to the Medical Marijuana Dispensary was read into the record by Mayor Patricia Fribis.

**OLD BUSINESS:**

**Reconsideration of Bill No. 18**- An Ordinance amending Ordinance number 2146, approving an Amended Development Plan for St. Louis Bombers RFC for redevelopment of the property at 13450 West Watson Road
*Pursuant to State Statute 79.140 the Mayor has enacted her right to veto Bill No. 18 and has returned, with objections, for Board reconsideration.

City Administrator Brittany Gillett read the question to the Board for reconsideration:

**Shall the bill pass, the objections of the Mayor thereto notwithstanding?**

**ROLL CALL VOTE:**
**Vote:** Failed- 2/3 Majority not met (Summary Yes =4 , No =3 )
Yes-Alderman Bersche, Alderman Wong, Alderman Price, Alderman Colombo
No- Alderman McMunn, Alderman Friedmann, Alderman Stewart
Absent. Alderman Lipe
**The Mayors Veto stands**

City Attorney Robert E. Jones addressed the Board about contacting the Bombers Rugby Club in reference to mutually terminating the lease and returning the rent paid to date. Attorney Jones stated he would report back to the Board once he had contacted the Bombers Rugby Club.

**Bill No. 20- An Ordinance approving an Amended Development Plan for Friendship Village of South County**
**SECOND READING**

Alderman Colombo read Bill No. 20 for a second reading.

There was discussion in reference to installing a decorative gate and keeping it locked.

City Administrator Brittany Gillett asked for a motion for a 5-minute break due to technical issues.

Alderman Bersche made a motion for a 5-minute break. Alderman McMunn seconded the motion and it was unanimously approved.

City Administrator Gillett asked for a motion to resume the meeting.

Alderman Bersche made a motion to resume. Alderman McMunn seconded the motion and it was unanimously approved.

Alderman Colombo made a motion to approve Bill No. 20. Alderman Price seconded the motion.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

**ROLL CALL VOTE:**
**Vote:** Passed (Summary **Yes =5** , No =2 )
Yes: Alderman McMunn, Alderman Bersche, Alderman Price, Alderman Colombo, Alderman Stewart
No: Alderman Wong, Alderman Friedmann
Absent. Alderman Lipe

Mayor Fribis declared Bill No. 20 to become Ordinance #2191

**Bill No. 21- An Ordinance granting a Conditional Use Permit to Missouri American Water Company for installation of a new water tower at 11832 Sappington Barracks Road SECOND READING**

Alderman Bersche read Bill No. 21 for a second reading.

Alderman Price made a motion to approve Bill No. 21. Alderman Colombo seconded the motion.

Alderman McMunn asked if we would see what the tower would look like before it is erected. She stated she had issues with some of the residents who live behind the site.

Mayor Fribis asked Mr. Baker to address this. Mr. Baker stated that there were some resident concerns over landscaping, lighting and the size of the tower.

Angie Wiegl a resident of Crestwick Dr. stated she could not find anything on the website that showed what the tower will look like and asked for this to be delayed.

Alderman McMunn stated she asked Ms. Gillett to have Assistant City Engineer Wes Searcy do an aerial view of the current tower and diameter of new tower. Alderman McMunn stated the tower was the length of Ms. Weigl's yard. Ms. Wiegl stated she had a pool she spent $80,000 dollars on, that will not get any sun.

Mayor Fribis asked Attorney Jones to address this. Attorney Jones asked if there was a representative present from Missouri American Water Company (MAWC) who could speak to the need and size of this particular tank.

Matt Jaspering with Missouri American Water company (MAWC) stated they sent over a site plan that gave an idea of the size of the new tower, as well as photos of existing tanks in other locations.  Mr. Jaspering asked that approval not be delayed because it would affect their ability to move forward with the purchase agreement on the property. He stated, in reference to the size of the tank, the 1.5-million-gallon tank is the right size for the demand in the area. The original plan called for a 1.75-million-gallon tank. The reduced tank size to 1.5 million gallons because they thought they could get by with that, but did not want to go any lower. They feel it is the appropriate size for the area it's intended to serve.

Alderman McMunn asked about a ground tank instead. Mr. Jaspering stated that was not optimal for them in this location. He stated they currently have elevated storage and want to keep elevated storage. It provides a number of benefits and is preferred over ground tank storage in most cases.

Alderman Friedmann stated there were other tank locations including Affton and Florissant, that had underground storage tanks over a million gallons. She asked what was unique about this location.

Mr. Jaspering stated because they have existing elevated storage here and that is how the system is set up to run. He stated they would not want to switch to ground storage at this

Electronically Filed - St. Louis County - May 03, 2022 - 04:49 PM

location because their South plant pumps water up to this location and they would like to continue to do so.

Alderman Friedmann asked where the South plant was. Mr. Jaspering stated it was located at Gravois and Maurer Industrial Dr., and is part of the water treatment facility located there. Alderman Friedmann asked if there was a pumping station there. Mr. Jaspering stated yes it was part of the facility. It is where water is treated and clarified and sent out into the system.

Alderman Stewart stated most tanks in the area of this size are ground tanks and asked why we couldn't update to that.

Taylor Flynn-Elhoffer, with MAWC stated he could address this. He stated he was the Production Manager and also heads-up tank and booster site operations. He stated the reason for the elevated tank storage in this location was because every pressure zone must have at least one elevated storage tank in order to help maintain pressure throughout the entire zone. He said that without this they would not be able to maintain pressures needed in the area or mitigate pressure swings from main breaks and fire flows. The reason for seeing additional ground storage tanks in the area is because of the pressure the current elevated tank is providing.

Alderman Wong asked why Sunset Hills is the location for the elevated tank. Mr. Flynn-Elhoffer stated it was the first point set up in the South zone in 1936.

There was additional discussion in reference to tank sizes and the need for elevated water storage. Alderman Colombo stated for clarity that the Arnold water tower was a 3-million-gallon tank.

Alderman Price asked if there was an option other than the above ground tank or was it a necessity for the system to function properly for the next 50 years.

Matt Jaspering answered that elevated storage is necessary for them to set the gradient in the south Zone.

Alderman Price asked if it was true that the tank would be so big that it would block the neighbor's yard entirely. Mr. Jaspering stated he didn't know how that would even be possible, and that it would not block the yard.

Alderman McMunn asked what the diameter of the bulbous part of the tank was. Mr. Jaspering stated he believed it was 85 feet.

Resident Angie Wiegl asked if Mr. Jaspering could compare that to what we currently have. Mr. Jaspering stated he was comfortable stating it was between 50 and 60 feet in diameter. Ms. Wiegl asked if Mr. Jaspering would want this in his yard.

Alderman Wong said based on his question from the last meeting, he did not feel they have explored other options.

Taylor with MAWC stated the tank was put there based on topography. The current location is one of the highest elevations in the zone. They are looking at this particular site because of the height. A tank put at a lower elevation would be a lot taller than the proposed water tower. He referenced Arnold's tank and size. He stated the reason the tank is so tall is because of the topography and elevation needed to support their system needs. Mr. Wong continued debating with MAWC. Matt Jaspering stated the distribution system is set up to pump to this location.

Alderman Wong continued debating with Mr. Jaspering and stated we would be the first in St. Louis county to erect a water tower of this size.

4

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Mr. Jaspering stated they needed the CUP to complete their land transaction and they want to confirm they have the site before expending additional money. Alderman Wong thanked the representatives from MAWC for their time.

City Attorney Robert E. Jones, cautioned the Board that MAWC is a public utility and the ability of Sunset Hills to impose its zoning regulations on another public entity is limited. Attorney Jones stated that MAWC had demonstrated through their testimony that there is a particular necessity for this facility. He also stated that while the City can impose health and safety regulations on another public entity, we are limited with what we can do with regard to zoning. He stated this was a CUP not a Development Plan, while plans still have to be submitted for zoning approval and passed for permits, it would not come back to them.

Mayor Fribis then asked Attorney Jones to educate the Board and participants on the Zoom meeting about a St. Charles case.

Attorney Jones gave a detailed summary of the recent MAWC vs. St. Charles County case.

Alderman Price asked if there was really nothing the City could do to prevent this from taking place. Mayor Fribis confirmed his statement.

Alderman Price stated if that was the case; there was a tower there now, it has outlived its usefulness, and it's an ideal location for the new tower, then we need to move on. He stated while he feels for the neighbors, the existing tower was there when they moved in, and as unfortunate as it may be, we are locked into approving this.

Alderman McMunn asked if they really had no control over size, shape, dimension looming over someone's home, and they have no control could we ask for something smaller, less intrusive. Attorney Jones stated as long as it is not a danger or being constructed from something susceptible to bursting or flammable, those are the controls that Sunset Hills can without a doubt impose another public entity.

Mayor Fribis stated aesthetics were not part of that.

Alderman Wong asked to please not rush this through. And said MAWC was a good neighbor. He went over several point he made earlier in the meeting.

The original motion made by Alderman Price and seconded by Alderman Colombo was voted on.

**ROLL CALL VOTE:**
**Vote:** Motion Failed (Summary Yes = 3, **No =4** )
Yes: Alderman Bersche, Alderman Price, Alderman Colombo
No: Alderman McMunn, Alderman Wong, Alderman Friedmann, Alderman Stewart
Absent. Alderman Lipe

**Bill No. 22- An Ordinance granting a Conditional Use Permit to QPS Missouri Holdings, LLC for a Medical Marijuana Dispensary at 10425 Watson Road**
**SECOND READING**

Alderman Stewart read Bill No. 22 for a second reading.

Alderman McMunn made a motion to approve Bill No. 22. Alderman Colombo seconded the motion.

There was discussion about approval of Bill No. 22 with amendments.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Alderman McMunn withdrew her motion to approve. Alderman Colombo withdrew his second to the motion.

Alderman Friedmann made a motion to amend Bill No 22. Alderman McMunn seconded the motion and it was unanimously approved.

The Amendments were stated as follows;

a.    Sales of marijuana shall be limited to medical marijuana only.
b.    Hours of operation shall be from 10am to 9pm, Sunday through Saturday.
c.    No onsite consumption of marijuana.
d.    No loitering on the premises.
e.    Customers shall park only on the permitted site, not on adjoining properties or streets.

Alderman Stewart read Bill No. 22 for a second reading as amended.

Alderman Colombo made a motion to approve Bill No. 22. Alderman Stewart seconded the motion.

**ROLL CALL VOTE:**
**Vote:** Motion Passed (Summary **Yes =6** , No =0, Abstain= 1 )
Yes: Alderman McMunn, Alderman Bersche, Alderman Price, Alderman Colombo, Alderman Stewart, Alderman Friedmann
Abstain: Alderman Wong
Absent. Alderman Lipe

Mayor Fribis declared Bill No. 22 to become Ordinance #2192

## CITY OFFICIAL AND COMMITTEE REPORTS

City Clerk/City Administrator, Brittany Gillett stated candidate filing continues until January 19.

Director of Finance, Susanna Messmer stated nothing to report.

Chief of Police, Stephen Dodge stated nothing to report, and that Covid cumulative case totals were at 860.

City Attorney, Robert E. Jones stated nothing to report.

City Engineer, Bryson Baker stated nothing to report.

Director of Parks & Recreation, Gerald Brown stated nothing to report.

## COMMITTEE REPORTS:

Finance Committee – Alderman Colombo stated nothing to report.

Economic Development Committee – Aldermen Price stated the committee had not met; however, the commercial projects were continuing towards completion. The next meeting will be February 1st at which time the projects will be reviewed and updated information sent out.

Parks & Recreation Commission – Alderman Bersche stated nothing new to report.

Police Advisory Board – Alderman Bersche stated nothing new to report.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Public Works Committee – Alderman Lipe- no report given. Public Works Director Bryson Baker stated there was no meeting in January, and the next meeting would be on February 4th.

**NEW BUSINESS:**

**Bill No. 23- An Ordinance granting an Amended Conditional Use Permit to Special School District of St. Louis County for improvements to South County Technical School at 12721 W. Watson Road**
**FIRST READING**

Alderman McMunn read Bill No. 23 for a first reading.

**Resolution No. 544- A Resolution adopting a Diversity and Inclusion Statement for the City of Sunset Hills**

Alderman Friedmann read Resolution No. 544. Alderman Friedmann made a motion to approve Resolution No. 544. Alderman McMunn seconded the motion and it was unanimously approved.
**Resolution No. 545- A Resolution approving a contract with Fabick Cat and authorizing the Mayor and/or City Administrator to execute the same on behalf of the City of Sunset Hills**

Alderman Wong read Resolution No. 545. Alderman Wong made a motion to approve Resolution No. 545. Alderman McMunn seconded the motion and it was unanimously approved.

**Resolution No. 546- A Resolution approving a contract with D&S Fencing Co. and authorizing the Mayor and/or City Administrator to execute the same on behalf of the City of Sunset Hills**

Alderman Price read Resolution No. 546. Alderman Price made a motion to approve Resolution No. 54. Alderman Stewart seconded the motion and it was unanimously approved.

**APPOINTMENTS**: None

**RE-APPOINTMENTS**: None

**EXTENDING DUE DATE FOR BUSINESS LICENSE FEES DISCUSSION:**

Finance Director Susanna Messmer explained the request for an extension was due to a tight time frame for the gross receipts payors.

City Attorney Jones requested a motion to draft legislation.
Alderman Price made a motion to approve the drafting of legislation to extend the due date for gross receipts businesses. Alderman McMunn seconded the motion and it was unanimously approved.

**PARACLETE PROPERTY DISCUSSION:**

Mayor Fribis explained that the Moore family would like to donate the Paraclete property to the City. Parks Director, Gerald Brown, went over the details of the property proposal. There was lengthy discussion in reference to the expenses and potential revenues associated with taking on the property.

**GENERAL DISCUSSION:**

Alderman McMunn inquired about developers who deviate from their approved development plans. There was lengthy discussion about changes to existing development plans without prior

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

approval, and the City's procedures in reference to dealing with them. Alderman Wong stated he would like to be notified of such violations. Mr. Baker discussed the steps taken by staff when this occurs.

**ADJOURNMENT:**

Alderman Bersche made a motion to adjourn the meeting. Alderman McMunn seconded the motion. The meeting adjourned at 8:19 p.m.

Deputy City Clerk

*Lori A Stone*

**22SL-CC02451**

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

MINUTES OF THE SPECIAL MEETING

OF THE BOARD OF ALDERMEN

OF THE CITY OF SUNSET HILLS MISSOURI

HELD ON JANUARY 26, 2021

BE IT REMEMBERED that the Board of Aldermen of the City of Sunset Hills, Missouri met in special session held via Zoom on Tuesday January 26, 2021. The meeting convened at 6:05 p.m.

The meeting began with the reciting of the Pledge of Allegiance.

**ROLL CALL:**

|  |  |
|---|---|
| Patricia Fribis | -Mayor |
| Joe Stewart | -Alderman Ward I |
| Ann McMunn | -Alderman Ward I |
| Steve Bersche | -Alderman Ward II |
| Casey Wong | -Alderman Ward II |
| Cathy Friedmann | -Alderman Ward III |
| Nathan Lipe | -Alderman Ward III |
| Mark Colombo | -Alderman Ward IV |
| Thompson Price | -Alderman Ward IV |
| Brittany Gillett | -City Administrator |
| Bryson Baker | -City Engineer |
| Robert E. Jones | -City Attorney |

| **ABSENT** | Susanna Messmer | -Finance Director |
|---|---|---|
|  | Gerald Brown | -Director of Parks & Recreation |
|  | Stephen Dodge | -Chief of Police |

**PUBLIC COMMENT:**
Comments submitted by the public in reference to the Paraclete Property and Missouri American Water Company tower were read into the record by Mayor Patricia Fribis.

**WATER TOWER DISCUSSION:**

Mayor Fribis read a statement in reference to the limited powers of municipal government over public utilities, and cited several RSMo sections and case studies in reference to the same.

Mayor Fribis stated per Missouri State Statute, the City does not have jurisdiction over zoning with a public utility. Attorney Jones confirmed this statement.

Derek Linam, Engineering Manager with Missouri American Water Company (MAWC) addressed questions brought up by residents and Aldermen. Alderman Friedmann discussed past issues with the current water tower as well as the location of the new tower. Alderman Friedmann asked Mr. Linam who decided the size and location of the new tower. Mr. Linam explained they have planning and review teams that decide that. He also addressed several questions in reference to landscaping buffers, fencing and the pump station providing water to the new tower. Mr. Linam stated MAWC is willing to work with the City and residents to make sure concerns are addressed. Alderman McMunn asked if the City could impose conditions on the CUP. Attorney Jones stated there are conditions listed in section 3b of the Bill and that MAWC has indicated they are willing to

1

EXHIBIT 7

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

meet with the City and residents to discuss additional conditions. Alderman Lipe asked if there were any other options that could be entertained to make it less intrusive. Mr. Linam stated they may be able to move the tank slightly north from where it is shown in the plan. Mr. Linam indicated the concept drawings may not accurately represent how the tank will appear. Alderman Stewart commented on the timeline for the application for MAWC, and how they have met all the standards per City requirements.

Alderman Stewart made a Motion to reconsider Bill No. 21. Alderman Bersche seconded the motion.

Alderman Friedmann asked if we could impose conditions prior to voting on reconsideration. There was additional discussion with Mr. Linam about what contractor they would be using and the height of the tower. Mr. Linam explained it would be bid out to multiple tank contractors and that the height listed is in reference to the overflow.

Mayor Fribis stated Bryson Baker would do an excellent job addressing any issues with the residents and MAWC. Mayor Fribis stated MAWC was trying to be a good neighbor and provide water to the residents. Mayor Fribis stated she would be willing to receive any calls or any complaints personally from any residents who have concerns over this. Mr. Linam confirmed they would meet with the City staff and residents throughout the process.

Alderman Friedmann asked if they have to have their CUP today. Mr. Linam stated their sales contract expires at the end of the week.

Alderman Colombo asked if there was a motion and a second. Mayor Fribis confirmed that there was.

Alderman Wong asked not to rush discussion and debate.

Alderman Wong asked Mr. Linam questions about other possible locations, maps requested and locations studied. Mr. Linam stated the location for consideration is their ideal location and most cost effective. Alderman Lipe asked if the conditions should be listed.

Alderman Price called a point of order to call the question and cease the debate.

**ROLL CALL VOTE:**
**Vote:** Passed (Summary **Yes=5,** No=3)
Yes:  Alderman Colombo, Alderman Lipe, Alderman Stewart, Alderman Bersche, Alderman Price.
No: Alderman McMunn, Alderman Friedmann, Alderman Wong.

Vote on original motion made by Alderman Stewart, and seconded by Alderman Bersche.

**ROLL CALL VOTE:**
**Vote:** Tie (Summary Yes=4, No=4)
Yes: Alderman Colombo, Alderman Lipe, Alderman Bersche, Alderman Price
No: Alderman McMunn, Alderman Stewart, Alderman Friedmann, Alderman Wong
Mayor Fribis broke the tie with an aye vote, the motion passed.

Mayor Fribis declared Bill No. 21 to become Ordinance #2193.

Mayor Fribis stated she would like the residents who have concerns to contact Mr. Baker to give him suggestions or contact Ken Franklin with Missouri American Water Company.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Mayor Fribis reiterated the Missouri Supreme Court gives the authority to the Public Service Commission to regulate utilities, we do not have the grounds to regulate them. Mayor Fribis stated she supports moving this forward.

City Administrator Brittany Gillett stated the Public Works Committee meeting will be February 4, and to please submit comments to either herself or Bryson Baker prior to the meeting date so they can ensure they are submitted into the record.

**GENERAL DISCUSSION:**

None

**ADJOURNMENT:**

Alderman Wong made a motion to adjourn the meeting. Alderman McMunn seconded the motion and it was unanimously approved. The meeting adjourned at 7:26 p.m.

Deputy City Clerk

3

**22SL-CC02451**



Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

3939 South Lindbergh Boulevard  Sunset Hills, Missouri  63127

📞314.849.3400  📠314.849.8720  www.sunset-hills.com

I hereby certify that this is a true and exact copy of Ordinance 2193 as it appears in the City Journal and Code of Ordinances of the City of Sunset Hills, Missouri

Brittany Gillett
City Administrator

Dated this 9th day of December, 2021.

Sworn to and subscribed before me this 9th day of December, 2021.

_____ Notary Public, State of Missouri.

My Commission Expires: 7-23-2022

County of: St. Louis

LORI STONE
My Commission Expires
July 23, 2022
Jefferson County
Commission #14395073

EXHIBIT 8

Electronically Filed - St. Louis County - May 03, 2022 - 04:49 PM

BILL NO. <u>21</u>
ORDINANCE NO. <u>2193</u>

**AN ORDINANCE GRANTING A CONDITIONAL USE PERMIT TO MISSOURI AMERICAN WATER COMPANY FOR INSTALLATION OF A NEW WATER TOWER AT 11832 SAPPINGTON BARRACKS ROAD.**

WHEREAS, a petition was received from Missouri American Water Company for installation of a new water tower at 11832 Sappington Barracks Road; and

WHEREAS, said petition was duly referred to the Planning and Zoning Commission for its investigation and report; and

WHEREAS, public notice of a meeting of the Planning and Zoning Commission upon said petition was posted according to law and ordinance; and

WHEREAS, a meeting was held before the Planning and Zoning Commission on November 4, 2020, upon said petition; and

WHEREAS, the Planning and Zoning Commission has submitted its report recommending approval to the Board of Aldermen; and

WHEREAS, a public hearing was scheduled before the Board of Aldermen on December 8, 2020 in accordance with the Zoning Regulations, Appendix B of the Code of Ordinances.

Based on the entire record of this application, being the evidence presented at the public hearing and the exhibits submitted at such hearing, the Board of Aldermen of the City of Sunset Hills makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1.    The proposed site is zoned "C-1" Commercial.

2.    The Conditional Use Permit Application requests the right to install a new water tower at 11832 Sappington Barracks Road.

3.    The Planning and Zoning Commission has recommended that the Conditional Use Permit be approved.

4.    The provisions of Appendix B-Zoning Regulations of the Code of Ordinances, Sec. 7.3 require the Board of Aldermen to determine after hearing whether or not such conditional use will:

   (A)    Substantially increase traffic hazards or congestion

   (B)    Substantially increase fire hazards.

   (C)    Adversely affect the character of the neighborhood.

1

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

(D)     Adversely affect the general welfare of the community.

(E)     Overtax public utilities

(F)     Conflict with standards contained in Subsections 7.3-2 and 7.3-3

(G)     Conflict with the goals and objectives or proposed land use in the Comprehensive Plan.

In this regard, the Board of Alderman finds that the proposed conditional use will not:

(A)     SUBSTANTIALLY INCREASE TRAFFIC HAZARDS OR CONGESTION

(B)     SUBSTANTIALLY INCREASE FIRE HAZARDS.

(C)     ADVERSELY AFFECT THE CHARACTER OF THE NEIGHBORHOOD.

(D)     ADVERSELY AFFECT THE GENERAL WELFARE OF THE COMMUNITY.

(E)     OVERTAX PUBLIC UTILITIES

(F)     CONFLICT WITH STANDARDS CONTAINED IN SUBSECTIONS 7.3-2 AND 7.3-3 OF THE CODE OR ORDINANCES.

(G)     CONFLICT WITH THE GOALS AND OBJECTIVES OR PROPOSED LAND USE IN THE COMPREHENSIVE PLAN.

**CONCLUSIONS OF LAW**

The Board of Aldermen concludes that, based upon the facts found herein and the findings of the Board that the standards for the issuance of Conditional Use permits as set forth in Sec. 7.3 of the Zoning Regulations Code of Ordinances are not violated, an Amended Conditional Use Permit shall issue to Petitioner herein as requested.

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

**NOW, THEREFORE, BE IT ORDAINED BY THE BOARD OF ALDERMEN OF THE CITY OF SUNSET HILLS, ST. LOUIS COUNTY, MISSOURI, AS FOLLOWS:**

Section 1.  A conditional use permit, subject to the conditions hereinafter specifically set forth, is hereby granted to Missouri American Water Company, to install a new water tower at 11832 Sappington Barracks Road as is made and provided for in the zoning regulations, Appendix B of the Code of Ordinances.

Section 2.  The conditional use permit hereby issued, and referred to in Section 1, is issued to the named permittee only and shall not be assigned or transferred, except by permission of the City of Sunset Hills in accordance with Section 7.4-5.

Section 3.  The conditional use permit hereby issued and referred to in Section 1, shall be valid only if the following conditions are observed by permittee:

    (a) The existing tower must be demolished no longer than six months after the new tower is placed in service;
    (b) The existing parking lot must be removed and vegetation must be established across the site, with the exception of the proposed asphalt concrete shown on the plans submitted by the permittee;
    (c) The Sunset Hills city logo or "Sunset Hills" must be placed on the tower. All graphics must be agreed to and approved by the city; and
    (d) Sidewalks must be installed on the west side of the driveway.

Section 4.  This Ordinance shall take effect and be in full force from and after its passage and approval.

PASSED this 26th day of January, 2021.

_Patricia A. Fulius_
**MAYOR**

APPROVED this 26th day of January, 2021.

_Patricia A. Fulius_
**MAYOR**

ATTEST:

_____
**CITY CLERK/CITY ADMINISTRATOR**

(SEAL)



3

**22SL-CC02451**

Electronically Filed - St.Louis County - May 03, 2022 - 04:49 PM

# CITY OF SUNSET HILLS
## BOARD OF ALDERMEN
### SPECIAL MEETING A G E N D A
#### JUNE 22, 2021
#### 6:00 P.M.

**A special meeting of the Board of Aldermen was called by Mayor Patricia Fribis and will be held virtually via Zoom**

**You can join the meeting via Zoom.com or by using the following link:**

https://us02web.zoom.us/j/89989864665?
pwd=Q2JiYThnNExZcHNvQS9wUk9LdmJMdz09

**Or, you can dial in at 312-626-6799**

**Meeting ID: 899 8986 4665**
**Password: 556991**

**No comments will be taken from the public during the meeting, with exception of during the public hearings.  If you wish to submit comments to be read aloud into the record on any topics other than the public hearings, please submit them in writing to bgillett@sunset-hills.com no later than 4pm on Tuesday, June 22, 2021.  All submittals must include your name and address. Comments must not contain vulgar language or exceed three minutes in duration.**

1. PLEDGE OF ALLEGIANCE

2. ROLL CALL

3. APPROVAL OF MINUTES
   Approval of the minutes of the May 27, 2021 special meeting and the June 11, 2021 regular meeting

   Documents:

   MINUTES BOA MAY 27 2021 SPECIAL MEETING DRAFT.PDF          EXHIBIT 9

MINUTES 06082021.DOCX.PDF

4. PUBLIC COMMENT

5. OLD BUSINESS

5.I.   BILL NO. 5
An Ordinance amending Chapter 2, Article III section 2-50 and 2-51 of the Code with
respect to filling vacancies
SECOND READING

Documents:

BILL NO 5 COVER PAGE - FILLING OF VANCANCY.PDF
BILL NO 5 MEMO - BOARDS AND COMMISSIONS.DOCX.PDF
BILL NO 5 BOARDS AND COMMISSIONS FILLING VACANCY ORD (2).PDF

5.II.   BILL NO. 7
An Ordinance to authorize the Mayor and/or City Administrator to execute a contract
between the City of Sunset Hills, Missouri and Horner & Shifrin, Inc., providing for
planning, design, and construction inspection services for roadway improvements on
West Watson Road from Gravois Road (MO 30) to Weber Hill Road.
SECOND READING

Documents:

BILL NO 7 COVER PAGE W WATSON PROJECT.PDF
BILL NO 7 ENGINEEERING SERVICES CONTRACT - HORNER SHIFRIN -
WEST WATSON ROAD - EXHIBIT A.PDF
BILL NO 7 HORNER AND SHIFRIN CONTRACT ORD.PDF
BILL NO 7 WEST WATSON ROAD IMPROVEMENTS - PRELIMINARY
LAYOUT 6.2.21.PDF

6. BUDGET PREPARATION DISCUSSION

7. MID-YEAR BUDGET REVIEW AND ADJUSTMENTS DISCUSSION

Documents:

BUDGET DISCUSSION ITEM COVER PAGE - BUDGET ADJUSTMENTS
(002).PDF
MEMO - 2021 MID YEAR BUDGET REVIEW BOARD OF ALDERMEN.PDF
BUDGET DISCUSSION ITEM 2021 BUDGET ADJUSTMENT_JUN 22 2021 BOA
MEETING.PDF
BUDGET DISCUSSION ITEM REVENUE ANALYSIS AS OF JUNE 14 2021
(2).PDF
BUDGET DISCUSSION ITEM EXPENDITURE ANALYSIS AS OF JUNE 14 2021
(2).PDF
BUDGET DISCUSSION ITEM FUND SUMMARY ANALYSIS AS OF JUNE 14
2021.PDF
BUDGET DETAIL - FULL FINAL.PDF

8. 2021 CBIZ PAY SCALE DISCUSSION

Documents:

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

PAY SCALE DISCUSSION ITEM COVER PAGE - PAY GRADES.PDF
PAY SCALE DISCUSSION ITEMS 2021 CBIZ PAY GRADES CURRENT.PDF
PAY SCALE DISCUSSION ITEMS 2021 CBIZ PAY GRADES PROPOSED.PDF

9. GENERAL DISCUSSION

10. ADJOURNMENT

Electronically Filed - St.Louis County - May 03, 2022 - 04:49 PM

**22SL-CC02451**

MINUTES OF THE SPECIAL MEETING

OF THE BOARD OF ALDERMEN

OF THE CITY OF SUNSET HILLS MISSOURI

HELD ON JUNE 22, 2021

BE IT REMEMBERED that the Board of Aldermen of the City of Sunset Hills, Missouri met in special session held via Zoom on Tuesday June 22, 2021. The meeting convened at 6:00 p.m.

The meeting began with the reciting of the Pledge of Allegiance.

**ROLL CALL:**

| | |
|---|---|
| Patricia Fribis | -Mayor |
| Ann McMunn | -Alderman Ward I |
| Casey Wong | -Alderman Ward II |
| Christine Lieber | -Alderman Ward II |
| Cathy Friedmann | -Alderman Ward III |
| Randal Epperson | -Alderman Ward III |
| Thompson Price | -Alderman Ward IV |
| Fred Daues | -Alderman Ward IV |
| Brittany Gillett | -City Administrator |
| Susanna Messmer | -Finance Director |
| Bryson Baker | -City Engineer |
| Gerald Brown | -Director of Parks & Recreation |
| Stephen Dodge | -Chief of Police |
| Robert E. Jones | -City Attorney |

ABSENT          Joe Stewart                                   -Alderman Ward I

Mayor Fribis asked for a motion to amend the order of the agenda, moving item #9 General Discussion to be item #6 in order for the City Attorney to be present for the discussion.

Alderman Price made a motion to approve the change. Alderman Epperson seconded the motion and it was unanimously approved.

**APPROVAL OF THE MINUTES:**

Alderman Price made a motion to accept the minutes as read for the May 27, 2021 special meeting and the June 11 regular meeting. Alderman Daues seconded the motion and it was unanimously approved.

**PUBLIC COMMENT:**

Mayor Fribis read the public comments submitted.

EXHIBIT 10

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

**OLD BUSINESS:**

**Bill No. 5-** An Ordinance amending Chapter 2, Article III section 2-50 and 2-51 of the Code with respect to filling vacancies
SECOND READING

Alderman Friedmann read Bill No. 5 for a second reading.
Alderman Friedmann made a motion to approve Bill No. 5.
Alderman Lieber seconded the motion.

**ROLL CALL VOTE:**
**Vote: Passed/Failed (Summary Yes=7 Absent=1)**
Alderman Lieber, Alderman Epperson, Alderman Daues, Alderman McMunn, Alderman Wong, Alderman Friedmann, Alderman Price

Mayor Fribis declared Bill No.5 to become Ordinance # 2206.

**Bill No. 7-** An Ordinance to authorize the Mayor and/or City Administrator to execute a contract between the City of Sunset Hills, Missouri and Horner & Shifrin, Inc., providing for planning, design, and construction inspection services for roadway improvements on West Watson Road from Gravois Road (MO 30) to Weber Hill Road.
SECOND READING

Alderman Lieber read Bill No. 7 for a second reading.
Alderman McMunn made a motion to approve Bill No. 7.
Alderman Lieber seconded the motion.

Alderman McMunn asked if the position of the sidewalk could be determined after approval. Mayor Fribis explained the engineering firm would look at all the utilities and choose the best side for the sidewalk. She also stated that it could be looked at by the Board of Alderman as well as the public.

**ROLL CALL VOTE:**
**Vote: Passed/Failed (Summary Yes=7, Absent=1)**
Alderman Daues, Alderman Epperson, Alderman Wong, Alderman McMunn, Alderman Price, Alderman Friedmann, Alderman Lieber

Mayor Fribis declared Bill No.7 to become Ordinance # 2207.


**General Discussion**

Mayor Fribis informed the Board that one of the Alderman has a conceal and carry permit and this Alderman would like to carry during the meetings, as allowed by state statute. Alderman Wong asked if the same rights would extend to residents. Mayor Fribis stated no, it was not allowed per statute or by our ordinance. Attorney Jones confirmed the Mayor's statement.  Alderman Friedmann, Daues and Wong expressed they did not have a problem with this. There was discussion about the use of middle turning lanes for vehicle deliveries to dealerships. Mayor Fribis stated Mr. Baker would look into possible restrictions on this.

Alderman Friedmann made a motion to direct staff to deny any permit submitted by MAWC for the water tower located on Sappington Barracks for failure to meet the setback requirements in Appendix B section 4.92C. Alderman Lieber seconded the motion. Alderman Lieber stated she had safety concerns with the water tower not meeting zoning requirements.

Attorney Jones informed the Board he had spoken with MAWC's attorney John Young of Hamilton Weber in anticipation of this discussion. He stated Attorney Young informed him they would sue the City if the permit was denied. Attorney Jones reminded the Board that as a 4th class city, we did not have the authority to

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

regulate a public utility. He reiterated that he would discourage the board from directing the denial of zoning on the permit application.

There was discussion on whether or not the tower was considered a building.

Alderman McMunn asked if MAWC had to follow the same process as everyone else. Attorney Jones and Mayor Fribis answered no.

Alderman Lieber asked why this was ever voted on if the City had no power over MAWC in reference to these matters.

Attorney Jones stated MAWC voluntarily participated in the application and permit process.

There was lengthy discussion in reference to meeting with MAWC and their submittals of permit applications.

Alderman Daues expressed concerns with the safety of the water tower.

Alderman Epperson asked why any meetings or permits were processed if we had no control over this. Attorney Jones stated we had a contract with St. Louis County to issue permits for these types of structures and that the City provided zoning approval only and then the petitioner obtained permit approval from St. Louis County.

Alderman Epperson asked how the City could issue a CUP to MAWC without any zoning control over them. Attorney Jones replied that the CUP is different than a building permit, it's the administrative permit to allow the structure within this zoning classification. He stated we have permitted uses and conditional uses. Attorney Jones stated they voluntarily entered into the process. Alderman Epperson stated if they entered into the process voluntarily then they were subject to our zoning regulations.

There was additional discussion on the water tower location, how long it had been there and the regulations on setbacks set by the Missouri Department of Natural Resources.

Alderman Friedmann stated her motion stood. Alderman Friedmann read her motion again for clarification. "A motion to direct staff to deny MAWC anticipated permit at Sappington Barracks Road for failure to meet the setback requirements of Appendix B section 4.92C." There was additional discussion on the building permit process required for MAWC through St louis County and the Zoning approval through Sunset Hills.

The motion passed with 6 ayes, Alderman Daues, Alderman Epperson, Alderman Wong, Alderman McMunn, Alderman Friedmann, Alderman Lieber; and 1 nay, Alderman Price.

Attorney Jones left the meeting.

**Budget Preparation Discussion**

Ms. Gillett reviewed how to read the budget and what to expect in the coming months with budget preparation. Ms. Messmer reviewed the details of the various accounts.

Ms. Gillett explained the budget building process, and stated she would like to begin including budget workshops to keep the Board well informed, more involved and more transparent to the public.

There was discussion on where the City had its bank accounts and the distribution of a report breaking down the details of each.

Alderman Lieber asked who handled the website and requested the budget be uploaded and easy to find.

Electronically Filed - St. Louis County - May 03, 2022 - 04:49 PM

Alderman Wong had a recommendation for staff for a formal timeline for the budget so everyone could understand the process. Ms. Gillett stated there would be a budget preparation policy presented at the July meeting.

## 2021 Mid-Year Budget Review and Adjustments Discussion

Ms. Gillett reviewed the memo included in the packets in reference to the reclassifications and addition of positions, as well as 3% staff raises and removing the hiring freeze to fill empty positions.

Alderman Lieber asked if the board could get information on neighboring cities salary information so they could review where our staff was in relation to them. Ms. Gillett stated she would get that information for the Board.

There was discussion in reference to the reclassification of the Finance Director position, the addition of an Assistant Finance Director as well as activity-based coding for budget items.

Alderman Lieber asked for an update on the City Hall roof. Mr. Baker stated the Firestone representative did come out and stated the repairs could be done for under two thousand dollars, but was uncertain if it was covered by the warranty. He would notify Bryson once he found out.

There was discussion in reference to the pool and updated hours being placed on the website.

## 2021 CBIZ Pay Scale Discussion

Ms. Gillett reviewed a study done in 2017 by CBIZ for a pay scale for the City. She spoke to the Board about obtaining formal action at the July meeting to put the pay scale in place.

Alderman Wong stated he would like to entertain at the next meeting a discussion on the 3% retroactive raise for City personnel.

There was additional discussion in reference to the City's Deer Hunting program and adopting the MDC's regulations on the use of crossbows during archery season.

## ADJOURNMENT:

Alderman Wong made a motion to adjourn the meeting. Alderman Daues seconded the motion and it was unanimously approved.
Meeting adjourned at 8:28 p.m.

Deputy City Clerk
Lori Stone

**22SL-CC02451**

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM



## APPLICATION FOR BUILDING PERMIT

*To be accompanied by 6 complete sets of detailed construction drawings.

Project Address | 11832 Sappington Barracks Road, Sunset Hills, Missouri 63127

Street          City          State          Zip

Owner Name | Missouri American Water Company      Dumpster on Site    ☒

Owner Address | 727 Craig Road, Creve Coeur, Missouri, 63141

Tenant Name |              Phone # | 314-606-2615

(If different from owner)

Description of Work | Construct replacement elevated water tank for existing water tank on adjacent property.  Existing water tank to be removed following completion of replacement tank.

**NOTE:** Before any permit is granted, the applicant shall comply with all requirements and provide all necessary plans with required information as detailed on the building permit information sheet.  Failure to comply with all applicable City regulations shall be grounds for revocation of this building permit.

Applicant: *Matt Jaspering*

Applicant Signature

Matt Jaspering        314.606.2615

Applicant PRINTED name       Applicant Phone #

*Missouri American Water Co* | *727 Craig Rd* | *Creve Coeur* | *MO* | *63141*

Business Name        Street Address        City      State      Zip

## DEPOSIT AND FEE SCHEDULE

A Deposit shall be made as follows to insure that conditions on City streets will be restored equal to those existing prior to commencement of work. Separate checks are needed for deposit and fee charge. Deposit is refunded when job is complete. Please make checks payable to: *"City of Sunset Hills"*.

|  | Deposit | Fee |
|---|---|---|
| Minor Construction, Interior Alterations, Minor Repairs, Retaining Wall, Fence | $100 | $25 |
| Demolition | $500 | $50 |
| Garage, Room Addition, Deck, Above Ground Pool, Shed, Tennis Court | $100 | $50 |
| New Residence, Commercial Structure, In-Ground Pool | $500 | $100 |

**NOTE:** Sunset Hills Occupancy Permit is required for all RESIDENTIAL NEW CONSTRUCTION and any change of ownership or occupancy.

## FOR OFFICE USE ONLY

Approved by: _____ Date: _____ Permit #: _____

EXHIBIT 11

Deposit Ck#: _____ Fee Ck#: _____ Picked Up By: _____

**22SL-CC02451**



Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

200 North Third Street
St. Charles, Missouri 63301
636-947-4700
Fax 636-947-1743

*www.hamiltonweber.com*
*jkilper@hamiltonweber.com*

July 22, 2021

*Via Email: REJones@chgolaw.com*
Mr. Robert Jones
130 S. Bemiston, Suite 200
Clayton, Missouri 63105

Re:   City of Sunset Hills-MAWC

Dear Mr. Jones:

The undersigned represents Missouri American Water Company ("Missouri American") with relation to the proposed installation of a new water tower (the "Tower") at 11832 Sappington Barracks Road in the City of Sunset Hills (the "City").

As you are aware, on January 26, 2021, pursuant to Ordinance No. 2193 (the "CUP Ordinance"), the City granted a Conditional Use Permit to Missouri American for installation of a new water tower at 11832 Sappington Barracks Road (the "CUP"). Subsequent to the City's approval of the CUP, the members of the Board of Aldermen of the City have taken steps to intentionally deprive Missouri American of its rights under the law by interfering with Missouri American's installation of the Tower.

By way of example, notwithstanding Missouri American's authority to install the Tower and the issuance of the CUP by the City, at the meeting of the Board of Aldermen on June 22, 2021, without any notice required pursuant to the Open Records Law, the Board of Aldermen approved a motion to "direct staff to deny any permit submitted by [Missouri American] for the water tower located on Sappington Barracks for failure to meet the setback requirements in Appendix B section 4.92C." At the time of this vote, there was no permit application pending for the Tower, and the vote was made by the Board of Aldermen with full knowledge that the action was unlawful.

This action by the Board of Aldermen, and others that may seek to interfere with the installation of the Tower, are truly irrational, ultra vires, and violate the provisions of the Fifth and Fourteenth Amendments to the United States Constitution, Article I Sections 10 and 28 of the Missouri Constitution, the Missouri Open Records Law (Sections 610.010, *et seq.*, RSMo.), and the Code of Ordinances for the City of Sunset Hills, Missouri. Should the Board of Aldermen continue its efforts to deprive Missouri American of its rights under the law, Missouri American will have no choice but to seek such legal and equitable remedies it may have against the City and the members of the Board of Aldermen, which may include, but are not limited to: injunctive relief, orders in mandamus, civil penalties, and actual and punitive damages under 42 U.S.C. §1983.

EXHIBIT 12

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

Mr. Robert Jones
July 22, 2021
Page 2 of 2


As you are aware, Missouri American has submitted its application for a building permit, which involves the ministerial act of City staff confirming the zoning compliance evidenced in the approved CUP, and the permit application and plans then move to St. Louis County for substantive review. Therefore, we are requesting that the City process Missouri American's permit application consistent with Missouri law and the City's Code to allow Missouri American to complete installation of the Tower.

I appreciate your and the City's attention to this matter.


Very truly yours,

John H. Kilper


JHK/slb

**22SL-CC02451**

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM

 CURTIS, HEINZ,
GARRETT & O'KEEFE p.c.

ROBERT E. JONES
PRINCIPAL
DIRECT DIAL (314) 571-6825
DIRECT FAX (314) 571-6675
REJONES@CHGOLAW.COM

July 26, 2021

Mr. John H. Kilper
Hamilton Weber, LLC
200 North Third Street
St. Charles, MO 63301

RE:     City of Sunset Hills – MAWC

Dear Mr. Kilper,

I reviewed your letter with the Board of Aldermen on July 22, 2021 and the position of the Board has not changed. Missouri American Water Company asserts that the City has no zoning authority over the project. The City asserts that the project does not meet height and setback requirements.

If you have further questions or concerns, please call upon me.

Sincerely,

Robert E. Jones

REJ/jlw

EXHIBIT 13

**22SL-CC02451**

Electronically Filed - St Louis County - May 03, 2022 - 04:49 PM



3939 South Lindbergh Boulevard  Sunset Hills, Missouri  63127
314.849.3400    314.849.8720  www.sunset-hills.com

January 27, 2022

Missouri American Water Company
727 Craig Road
Creve Coeur, Missouri 63141

RE:     Expiration of Conditional Use Permit – 11832 Sappington Barracks Road

To Whom It May Concern:

The City of Sunset Hills, Missouri issued a Conditional Use Permit to Missouri American Water Company for installation of a water tower at 11832 Sappington Barracks Road, Sunset Hills, MO 63127 on January 26th, 2021.

Section 7.4-3 of Appendix B, Zoning Regulations of the Sunset Hills Code of Ordinances states:

> 7.4-3      Failure to commence construction or operation: Unless otherwise stated in the conditions of a particular conditional use permit, substantial construction work or operation of the conditional use (where construction is not involved) shall commence within one (1) year of the effective date of the permit unless such time period is extended by the board. If no extension of time is granted, the permit shall immediately terminate upon expiration of the one-year period.

Since construction or operation of the water tower has not commenced as of this date, January 27, 2022, and because it has been over one (1) year from the effective date of the conditional use permit, this letter will serve as notice that the permit has terminated.

If you have questions or would like to discuss, please contact my office.

Respectfully,

Bryson E. Baker, P.E.
Director of Public Works

EXHIBIT 14